286 So.2d 860

**DIRECTOR OF the DEPARTMENT OF PUBLIC SAFETY of the State of Alabama**

v.

**Lonnie Eugene RELFORD.**

**Ex parte STATE of Alabama ex rel. Eldred C. DOTHARD as Director of Public Safety of Alabama.**

**Civ. 221.**

Court of Civil Appeals of Alabama.

Dec. 5, 1973.

No appearances for appellee.

BRADLEY, Judge.

The Director of Public Safety of Alabama revoked the driver license of an Alabama resident for a conviction of driving while intoxicated in the State of Tennessee. The driver, Lonnie Eugene Relford, appealed the revocation of his driver license to the Circuit Court of Etowah County pursuant to the provisions of Act No. 704, General Acts of Alabama 1951, p. 1224, (Title 36, Sec. 74(43), Code of Alabama 1940, as Recompiled 1958.) The Director of Public Safety filed in said Circuit Court a motion to dismiss the appeal in which he contended, among other things, that the Circuit Court of Etowah County was without jurisdiction to hear and decide the appeal from his order revoking the driver license of Mr. Relford.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

The Circuit Court overruled the motion to dismiss the appeal and found that the Director had no authority to revoke Mr. Relford's driver license. From said order the Director has appealed to this court and has also filed a petition seeking an alternative writ of mandamus to be directed to the Circuit Court requiring it to rescind its order overruling the motion to dismiss and to enter an order dismissing the proceedings before it on the basis that the Circuit Court of Etowah County was without jurisdiction to hear the appeal from the revocation of Mr. Relford's driver license.

The Director argues in brief that the Circuit Court of Etowah County did not have jurisdiction to hear and decide an "appeal" from his order mandatorily revoking the driver license of a resident of this state; and, therefore, the trial court being without jurisdiction, its order was void, invalid and of no effect and would not support an appeal. Consequently, mandamus was the proper mode of procedure to obtain a review of the Circuit Court's order. No brief was filed in this court on behalf of appellee or respondent.

■ A void order results when the court acts without its jurisdiction and such an order will not support an appeal. Ala. Public Serv. Comm. v. McGill, 260 Ala. 361, 71 So.2d 12.

■ Review by appeal being unavailable in this instance, will mandamus lie to give relief to the Director? We think it is a proper proceeding for a review of the Circuit Court's action as it relates to the Director's order revoking Mr. Relford's driver license. Ex parte State, 280 Ala. 448, 194 So.2d 851.

The question then arises did the Circuit Court of Etowah County have jurisdiction to entertain an appeal from an order of the Director mandatorily revoking an Alabama resident's driver license.

■ No appeal is authorized from an order of the Director of Public Safety re-

voking the driver license of a resident of Alabama who has been convicted in the courts of Alabama of the offense of driving while intoxicated for the reason that Title 36, Section 68, Code of Alabama 1940, as Recompiled 1958, does not provide for an appeal from a mandatory revocation of a driver license. Kelley v. Lingo, 280 Ala. 128, 190 So.2d 683. Neither does Act No. 704, *supra,* authorize an appeal from a mandatory order of revocation of a driver license by the Director. Surber v. Mann, 46 Ala.App. 700, 248 So.2d 740. As stated in *Kelley, supra,* this does not mean that the driver whose license has been revoked is without a remedy, but whatever remedy is available must be pursued in the Circuit Court of Montgomery County, the official residence of the Director of Public Safety. Ex parte State, *supra.* In the instant case the remedy was not sought in the Montgomery Circuit Court but in the Etowah Circuit Court.

■ Mr. Relford says, however, that he was not convicted in the courts of Alabama for the offense of driving while intoxicated but was charged in Tennessee with the offense of driving while intoxicated and posted an appearance bond which he later forfeited. He says he was never convicted of the offense of driving while intoxicated in the State of Tennessee. However, in Alabama a forfeiture of a bond which was posted to assure a later appearance to answer a charge of driving while intoxicated is treated as a conviction for that offense for the purpose of revoking the driver license of a person so charged. Title 36, Section 68, Code of Alabama 1940, as Recompiled 1958.

■ The next question for answer is whether or not the Director has the authority to revoke a resident's driver license as a result of a conviction for driving while intoxicated in another state.

The Congress has permitted the states of Tennessee and Alabama, among others, to enter into a compact for the purpose of

promoting safe driving on their respective highways. (Public Law 85–684, U.S. Statutes at Large, Vol. 72.) Pursuant to this authority, the legislatures of the two states enacted legislation authorizing the driver license authorities in the respective states to take action against the driver license of residents who have been convicted of a traffic violation in a party state. Sections 59–720 to 59–729, Tenn.Code Anno.; Title 36, Sections 75(25)–75(31), Code of Alabama 1940, as Recompiled 1958.

The Driver License Compact as enacted by Alabama provides in pertinent part:

"ARTICLE II

Definitions

"As used in this compact:

\*        \*        \*        \*        \*        \*

"(c) 'Conviction' means a conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law, municipal ordinance or administrative rule or regulation, or a *forfeiture of bail, bond or other security deposited to secure appearance by a person charged with having committed any such offense,* and which conviction or forfeiture is required to be reported to the licensing authority.

\*        \*        \*        \*        \*        \*

"ARTICLE IV

Effect of Conviction

"(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to article III of this compact, as it would if such conduct had occurred in the home state, in the case of conviction for:

\*        \*        \*        \*        \*        \*

"(2) Driving a motor vehicle while under the influence of intoxicating liquor . . . .

\*        \*        \*        \*        \*        \*

"(c) If the laws of a party state do not provide offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denomination and description appearing in subdivision (a) hereof as being applicable to and identifying those offenses or violations of a substantially similar nature . . . ." (Emphasis added.)

We conclude, therefore, that pursuant to the provisions of the Driver License Compact as enacted by Alabama, the forfeiture of bail had against Mr. Relford in the State of Tennessee amounted to a conviction for driving while intoxicated and that such conviction must be treated under the provisions of Title 36, Section 68, Code of Alabama 1940, as Recompiled 1958, as a conviction requiring a mandatory revocation by the State of Alabama of Mr. Relford's driver license. The revocation of the driver license being mandatory, there was no appeal authorized therefrom to the Circuit Court of Etowah County, hence the said Circuit Court was without jurisdiction to entertain said matter. The Circuit Court being without jurisdiction in said matter, its order overruling the Director's motion to dismiss was void and invalid.

A writ of mandamus is due to be awarded unless the respondent, after being advised of this opinion, expunges or holds for naught the order overruling the Director's motion and dismisses the purported appeal of Lonnie Eugene Relford.

Appeal dismissed.

Writ awarded conditionally.

WRIGHT, P. J., and HOLMES, J., concur.