308 So.2d 711

**DIRECTOR OF the DEPARTMENT OF PUBLIC SAFETY of the State of Alabama**

v.

**John Byron MOORE.**

**Civ. 452.**

Court of Civil Appeals of Alabama.

Feb. 19, 1975.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., and Chief Counsel, Dept. of Public Safety, and J. Richard Piel, Special Asst. Atty. Gen., for appellant-petitioner.

No brief for appellee.

WRIGHT, Presiding Judge.

This is an appeal or in the alternative a petition for writ of mandamus.

The matter first began in the Circuit Court of Marshall County, Alabama, with the filing by John Byron Moore of a petition for hearing, under Title 36, Section 68, Code of Alabama (1940), of the suspension of his Alabama driver's license by the Director of Public Safety of the State of Alabama. The petition stated that the revocation was made by the Director on October 14, 1972, for a conviction of driving while intoxicated. It further averred that Moore had never had a final conviction for such offense. The filing of the petition is shown to be April 25, 1973. With the filing of the petition the circuit judge entered an order vacating the Director's revocation of the license.

The Director filed a plea in abatement to the jurisdiction of the court calling attention of the court to the provisions of Title 36, Section 68, which provide that revocation of a driver's license after final conviction of the offense of driving while intoxicated is mandatory upon the Director

of the Department of Public Safety. There was appended to the plea, as an exhibit, the decision of this court in the case of Director of Department of Public Safety v. Relford, 51 Ala.App. 456, 286 So.2d 860.

There next appears in the record before this court an instrument certified by the City Clerk of the City of Albertville, Alabama, headed "Pardon by Mayor." This instrument dated 30 September 1974 purports to be a pardon of John Byron Moore for violation of ordinance 207 of the City of Albertville, identified as City Court Case # 6770 and identified on appeal in the Circuit Court of Marshall County as Case No. 1056A. The next record entry is a judgment in Case No. 37566, styled

"John Byron Moore

v.          Appeal from Dept.

Walter L. Allen, as Director     of Public Safety"

of Dept. of Public Safety

The judgment dated October 1, 1974 entered by Honorable Frank B. Embry is as follows:

"This day came the parties by their attorneys, and after hearing the evidence, it is considered and ordered by the Court that this cause be and the same is hereby dismissed and revocation set aside and the cost of court assessed against the defendant, for which execution may issue."

As the record comes from the Circuit Court of Montgomery County, Alabama, and this court has judicial knowledge that Judge Embry was sitting as a special judge assigned to Montgomery County, on October 1, 1974, we will presume that the above judgment comes from the Montgomery Circuit Court. How the petition, originally filed in Marshall County, was brought on for judgment in Montgomery County, does not appear from the record. There appears no ruling on the Director's plea in abatement. There is no transcript of the evidence stated to have been heard by the court in the above-quoted judgment. The explanation in brief of how matters transpired is not a part of the record on appeal.

From what is in the record, we can and do conclude that there was a petition filed in Marshall County Circuit Court seeking a hearing by Moore of a revocation of his driver's license by the Director of the Alabama Department of Public Safety because of a final conviction of the offense of driving while intoxicated. Such revocation by the Director is mandatory under Title 36, Section 68 of the Code. There is no appeal nor petition for hearing of such revocation as it is not a discretionary act. May v. Lingo, 277 Ala. 92, 167 So.2d 267; Rogers v. Russell, 284 Ala. 477, 225 So.2d 879. Director of Department of Public Safety v. Relford, *supra*. Any action to review such mandatory act must be brought in Montgomery County. Kelley v. Lingo, 280 Ala. 128, 190 So.2d 683. Such action for review could not be by appeal or petition for hearing but could be by petition for mandamus. May v. Lingo, *supra.*

We further conclude from the record that the petition for hearing of revocation somehow got from Marshall County to Montgomery County. The Circuit Court of Marshall County was without jurisdiction to entertain such petition as no such right of review exists in law. Director of Department of Public Safety v. Relford, *supra*. No matter how the petition got to Montgomery County Circuit Court, that court was also without jurisdiction of such petition.

We further can conclude from the record that the purported pardon of Moore by the Mayor of the City of Albertville is of no validity in this case. It purports to be a pardon for violation of a city ordinance which is unknown to this court and for an offense not stated in the pardon. It further purports to be a pardon for some offense committed on some unknown date and is dated nearly two years after the date of the Director's revocation of the petitioner's license.

We further conclude from the record that the judgment of the Montgomery Circuit Court though dismissing the appeal or petition of Moore, grants affirmative relief against the Director of the Department of Public Safety. The judgment, though dismissing the petition, grants the relief requested by setting aside the revocation of petitioner's driver's license. Such is not a valid judgment. Ex parte: Gilbert, 253 Ala. 232, 43 So.2d 816.

We therefore hold that the judgment is void for being without the jurisdiction of the court. A void judgment does not support an appeal. Steele v. Town of Oxford, 25 Ala.App. 529, 149 So. 722.

The alternative petition for writ of mandamus is granted and a writ of mandamus will issue, directed to Honorable Frank B. Embry, Judge of the Circuit Court of Montgomery County, Alabama, unless he shall set aside that portion of the judgment setting aside the revocation by the Director of the Alabama Department of Public Safety of the driver's license of John Byron Moore.

Appeal dismissed.

Writ of Mandamus awarded conditionally.

BRADLEY and HOLMES, JJ., concur.