309 So.2d 459

**ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD**

v.

**Evelyn Maureen A. OWEN, d/b/a S & S Distributing Company.**

**Civ. 499.**

Court of Civil Appeals of Alabama.

March 5, 1975.

Steagall & Adams, Ozark, for appellant.

Morring, Giles, Willisson, Higgs & Cartron, Huntsville, for appellee.

BRADLEY, Judge.

The appellant, Alabama Alcoholic Beverage Control Board, an agency of the State of Alabama, on October 4, 1973, after notice and hearing, suspended for six months

the wholesale beer license of appellee, Evelyn Maureen A. Owen, d/b/a S & S Distributing Company in Huntsville, Alabama. The appellee thereupon filed a petition for writ of certiorari in the Circuit Court of Madison County against the appellant asking that court to hold for naught the order suspending the wholesale beer license of appellee. The petition was subsequently amended to include the members of the ABC Board as respondents. The appellant filed a motion seeking a change of venue from Madison County to Montgomery County mainly on the ground that it and its members were official residents of Montgomery County and that its principal place of business was also in Montgomery, Montgomery County, Alabama. This motion was denied and after responsive pleadings were filed the case was heard on the merits and a judgment rendered by the Madison County Circuit Court finding appellee had violated certain provisions of the ABC law and suspended her wholesale beer license for a period of twenty-five days beginning on November 1, 1974 and assessed a fine against her in the amount of $3,500. That judgment has been appealed to this court.

The appellant argues several assignments of error in brief, one of which we consider decisive of this appeal. Appellant says that the Madison County Circuit Court erred in denying the request for a change of venue from Madison County to Montgomery County.

In Tri-State Corp. v. State ex rel. Gallion, 272 Ala. 41, 128 So.2d 505, the State Conservation Department Director, the Governor of the State, and the chief of a division in the State Conservation Department were respondents, individually and in their representative capacities, in a suit to cancel a lease that had been entered into between these persons and a private corporation. The bill of complaint was brought in Montgomery County and it was contended that the venue was mislaid. The supreme court said:

"We think it is well established in Alabama, as well as elsewhere, that suits involving public officials are properly maintained in the county of their official residence. First National Bank of Linden v. Alston, 231 Ala. 348, 165 So. 241; State ex rel. Toberman v. Cook, 365 Mo. 274, 281 S.W.2d 777; Eck v. State Tax Commission, 204 Md. 245, 103 A.2d 850, 859, 48 A.L.R.2d 415, Annotation, Venue, Action Against Public Official."

In the recent cases of Kelley v. Lingo, 280 Ala. 128, 190 So.2d 683; Ex parte State ex rel. Russell, 280 Ala. 448, 194 So. 2d 851; and Dir. of Dept. of Public Safety v. Relford, 51 Ala.App. 456, 286 So.2d 860, it was held that the official residence of the State Director of Public Safety for suit purposes was Montgomery County, Alabama.

Title 29, Section 3, Code of Alabama 1940, as Recompiled 1958, provides, in part, as follows:

"The office of the board shall be in the city of Montgomery, Alabama. The said board shall meet at such times within the city of Montgomery, Alabama, as the board shall determine . . . ."

We also find the following from 92 C.J. S. Venue § 115, p. 817:

"A governmental body is generally regarded as having its residence for purposes of venue in the county where its principal place of business is located, or in the place where its domicile is fixed by law. The state has been regarded for venue purposes as a resident of the county wherein its capitol is located."

The Board is a State agency and its principal place of business is Montgomery, Montgomery County, Alabama. Title 29, Section 3, supra. And, the legislature has required that the meetings of the Board take place in the City of Montgomery which is in Montgomery County.

The hearing that led to the suspension of appellee's wholesale beer license was held

before the Board in Montgomery, Alabama. The suspension order was rendered by the Board members in the City of Montgomery while acting in their official capacity as such Board members. And, any action filed in the courts of this State to have reviewed that decision should have been filed in the county of their official residence, which is Montgomery County. This was not done, and the trial court erred to reversal when it did not grant the motion to transfer venue to the Circuit Court of Montgomery County.

For the error indicated, the judgment of the court is reversed and the cause remanded for the trial court to enter an order transferring the case to the Circuit Court of Montgomery County.

Reversed and remanded with directions.

WRIGHT, P. J., and HOLMES, J., concur.