309 So.2d 461

**The STATE of Alabama and Eldred C. Dothard, as Director of Public Safety for the State of Alabama**

**v.**

**John HATFIELD, Jr.**

**In re Eldred C. DOTHARD, as Director of Public Safety of Alabama.**

**Ex parte STATE of Alabama ex rel. Eldred C. DOTHARD, as Director of Public Safety of Alabama.**

**Civ. 453.**

Court of Civil Appeals of Alabama.

March 5, 1975.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., Chief Counsel—Dept. of Public Safety and J. Richard Piel, Special Asst. Atty. Gen., for appellant-petitioner.

Frank W. Riggs, Montgomery, for appellee and for Hon. Frank B. Embry, as Judge of the 15th Judicial Circuit.

WRIGHT, Presiding Judge.

This matter began by an appeal filed in Circuit Court of Montgomery County by John Hatfield, Jr. from an order of the Director of the Alabama Department of Public Safety. The appeal alleged that it was from an order of suspension by the Director of the driver's license of Hatfield. The appeal was filed October 24, 1973.

On December 20, 1973, the Director filed a sworn motion to dismiss, averring that the license was suspended because Hatfield had been convicted in Montgomery County on February 27, 1973, of a felony involving the use of an automobile. An appeal had been taken from such conviction. The motion further averred that the Director was authorized to suspend a license in such cases during the pending of an appeal.

On October 1, 1974, the court entered an order dismissing the appeal and setting aside the "revocation" of Hatfield's driver's license. It is from this judgment that the Director appeals, or in the alternative seeks mandamus against Judge Frank B. Embry, Circuit Judge.

Judge Embry has filed answer to the petition for writ of mandamus.

The first impression of this court, after reading the record, is that a state of confusion reigns.

The record discloses only that an appeal from an order of suspension of his driver's license by the Director of the Alabama Department of Public Safety was taken in the Montgomery Circuit Court by Hatfield. The appeal states that a copy of the notice of suspension sent to Hatfield by the Director is attached as Exhibit A. No such exhibit appears in the record. There next appears the motion of the Director to dismiss the appeal.

The motion states that the Director suspended the license under the provisions of Title 36, Section 68 of the Code of Alabama (1940), because of the conviction of Hatfield of a felony involving the use of an automobile; that the conviction is on appeal, that the suspension is effective during such appeal and an appeal does not lie from such suspension according to law.

There appears no ruling on the motion to dismiss in the record.

There next appears a judgment which states: "'This day came the parties by their attorneys, and after hearing the evidence it is considered and ordered by the court that this cause be and the same is hereby dismissed and revocation set aside and the cost of court assessed against the defendant, for which execution may issue."

This is the judgment from which the Director appeals or seeks mandamus in the alternative.

The second impression we get from the record or lack thereof, is that we are unable to determine what occurred when the matter came before the circuit court.

We have the statement in the judgment that attorneys for the parties were present and there was a hearing on the evidence. What evidence there was we do not know. Whatever it was, the court after hearing it, dismissed the appeal. Dismissal of the appeal is what the Director sought in his motion. The matter should have ended there. However, after dismissal of the appeal the court then proceeded to set aside the "revocation." We heretofore noted that the appeal was from a suspension only, but the court sets aside a revocation.

■ As we said in our opinion in the case of the Director of Department of Public Safety of State of Alabama v. Moore, 54 Ala.App. 351, 308 So.2d 711, 1975, "The judgment, though dismissing the petition, grants the relief requested by setting aside the revocation of petitioner's driver's license. Such is not a valid judgment. Ex parte: Gilbert, 253 Ala. 232, 43 So.2d 816." The judgment will not support an appeal. There being no valid judgment the appeal must be dismissed.

We proceed to consider the petition for mandamus. Mandamus is proper where there is no remedy by appeal. Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48. The material allegations of the petition for writ of mandamus are as follows:

On or about June 20, 1973, the Director received a report that John Hatfield, Jr. had been convicted of possession of marijuana in Montgomery Circuit Court and received a sentence of six years on March 9, 1973. The conviction was on appeal. On September 19, 1973, the Director received a further report that the conviction was based upon use of an automobile for transporting marijuana and that the appeal from the conviction had not been perfected. On September 21, 1973, the Director revoked the driver's license of Hatfield for conviction of a felony in the commission of which an automobile was used. On October 24, 1973, an appeal from the "suspension" of his driver's license was filed by Hatfield in Montgomery Circuit Court. Upon order of the circuit court the license of Hatfield was reinstated. Motion to dismiss the appeal was filed. On October 1, 1974, after argument of counsel, judgment was entered. Such judgment was without jurisdiction for no appeal will lie from a revocation mandated by statute.

Judge Embry in answer says no proof of the above allegations were made to him; however, he admits that Hatfield was convicted on March 9, 1973, and sentenced to six years in the penitentiary for possession of marijuana. Judge Embry says that he placed Hatfield on probation with the condition that he be continuously employed. In order to be employed in his occupation Hatfield was required to drive an automobile. In further answer, Judge Embry says that on October 1, 1974, the case of Hatfield v. Director was brought before him. He says it was agreed by counsel that the facts would be presented by stipulation and the parties would abide by the court's decision. His judgment, "holding the revocation improper" was entered after hearing the stipulated facts. According to respondent, the motion to dismiss was never presented to him and was waived when the matter was submitted upon stipulation. The Judge further says, without stating the facts stipulated, that his judgment was correct according to the facts and law presented to him.

By replication to the answer, the Director denies any agreement or stipulation of fact at the hearing or that he agreed to submit on any stipulation for the court's decision. There is attached to the replication an affidavit of counsel that he did not agree on behalf of the Director to any stipulation of fact, but only argued the law in relation to want of jurisdiction in the Court to entertain an appeal from a mandatory revocation of a driver's license by the Director. Counsel says his sole purpose at the hearing was to object to the right of appeal. He states that the argument of opposing counsel was that the revocation should be set aside because Hatfield needed his driver's license to carry out the conditions of his employment.

After consideration of the allegations of the petition for writ of mandamus, the answer of the respondent, Judge Embry, and the replication of the Director, we conclude that the writ is due to issue.

There is one central fact that is admitted by Judge Embry in his answer. That fact is that Hatfield was convicted of a felony in the commission of which an automobile was used. That conviction occurred on March 9, 1973. Such conviction becoming final, invokes the following mandatory provisions of Title 36, Section 68 of the Code:

> "The Director of Public Safety shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses, when such conviction has become final; . . . any felony in the commission of which a motor vehicle is used: . . .."

 Such provision is madatory upon the Director and an appeal from a revocation thereunder to the circuit court is not provided for. Kelley v. Lingo, 280 Ala. 128, 190 So.2d 683. An appeal is wholly without authority of law. Rogers v. Russell, 284 Ala. 477, 225 So.2d 879. Director of Public Safety v. Relford, 51 Ala.App. 456, 286 So.2d 860.

The court being without jurisdiction to entertain an appeal, no agreement by counsel could invest such jurisdiction. There is no question that the matter was filed as an appeal, considered as such by the parties and the court. The fact that Hatfield needed a driver's license to follow his occupation and maintain the conditions of his probation is not a fact for consideration in determining the correctness of the Director's act of revocation.

Judge Embry having shown no cause in his answer why the madamus should not issue, we direct a writ of mandamus to issue unless he shall set aside that part of the judgment setting aside the revocation by the Director of the Alabama Department of Public Safety of the driver's license of John Hatfield, Jr.

Appeal dismissed.

Writ of Mandamus awarded conditionally.