PER CURIAM.
The appellant, through able and distinguished counsel, petitioned the Circuit Court of Montgomery County to enjoin the revocation of his driver license by the Director of the Department of Public Safety. Upon motion of the director, the circuit court granted the director’s motion for summary judgment. The appellant appeals.
The Director of the Department of Public Safety suspended the driver license and driving privilege of the appellant. The revocation by the director was a mandatory act taken pursuant to Tit. 36, § 68, Code of Alabama 1940. The reason for the' director’s action, as revealed by the record, was because the appellant had allegedly been convicted of driving while intoxicated. This offense occurred in the State of Arkansas.[1]
The appellant thereafter petitioned the Circuit Court of Montgomery County for injunctive relief. Specifically, the appel *362 lant’s petition, in pertinent part, is as follows:
“WHEREFORE, Premises Considered plaintiff requests the following relief:
“1. That a temporary restraining order be granted against defendant as Director of the Department of Public Safety of the State of Alabama restraining and enjoining the revocation of plaintiff’s driver license and driving privileges.
“2. That upon final hearing said injunction and restraining order be made final and that any purported conviction of plaintiff on the charge of driving while intoxicated in the State of Arkansas be held invalid and illegal and not to be enforced in the State of Alabama.”
In response to the above, the Department of Public Safety filed a motion for summary judgment alleging that the “appeal does not lie” and that the circuit court lacked subject matter jurisdiction over “this appeal.” The circuit court granted the Department of Public Safety’s motion for summary judgment; hence, this appeal.
While it is the policy of this court to decide appeals on their merits wherever possible, we cannot do so in this instance.
The revocation in this instance was a mandatory act by the director under Tit. 36, § 68, of the code. Since the act of the director is nondiscretionary, there can be no appeal of or petition for hearing the revocation. Rogers v. Russell, 284 Ala. 477, 225 So.2d 879 (1969); May v. Lingo, 277 Ala. 92, 167 So.2d 267 (1964). Any action for review must be by petition for mandamus. Director of Dept. of Public Safety v. Moore, 54 Ala.App. 351, 308 So.2d 711 (1975). The review sought by the appellant in this instance and below was clearly not by mandamus. Hence, the trial court did not err in granting the motion for summary judgment.
AFFIRMED.
All Judges concur.

. Alabama and Arkansas are members of tl Code of Ala.1940 (1973 Cum. Pocket Part). Driver License Compact. Tit. 36, § 75(26),