This is a teacher tenure case. The issue is whether the Circuit Court of Blount County properly issued a writ of mandamus upon the petition of the Oneonta Board of Education directing the State Tenure Commission to dismiss the appeal of a teacher. We find the issuance of the writ erroneous and dismiss the writ.
Jasper F. Basye, intervening teacher, a teacher with continuing service status under the Alabama Teacher Law, §§16-24-1 through 38, Code of Alabama (1975), in the Oneonta city school system had his contract terminated by the Board of Education on September 14, 1978. He took an appeal to the State Tenure Commission under § 16-24-10. As pertinent, that statute is as follows:
(b) The teacher shall have the right to appeal to
 the state tenure commission, . . . such appeal shall be taken by filing within 15 days after the decision of the employing board a written notice of appeal with the superintendent or chairman *Page 198 
of said board. . . . The commission shall set a date for the hearing. . . . The date of such hearing shall be within 40 days after the decision of the board, . . . .
The record indicates that the teacher properly and timely gave notice of an appeal to the Tenure Commission. All other procedural requirements of the appeal were timely performed. However, the parties were notified on October 25, the forty-first day after the decision of the board, that the Commission had been unable to set a date for the hearing because of the absence of its legal advisor and the inability to assemble a quorum. On October 30, the Commission set a hearing for November 8.
On October 31, the Oneonta Board of Education filed its petition for mandamus requesting the Blount County Circuit Court to order the Commission to cancel its hearing and dismiss the appeal because the Commission had failed to hear the appeal within forty days from the date of the decision of the Board. After hearing, the writ was granted.
It is first contended that the Circuit Court of Blount County had no supervisory power over the State Tenure Commission, a commission with state-wide jurisdiction with its principal place of business in Montgomery County. We agree with this contention.
The Board contends that the Circuit Court of Blount County has jurisdiction because of the provisions of § 16-24-38. That statute provides for review of the action of the Tenure Commission upon appeals by petition for mandamus filed in the circuit court of the county where the school system is located. It is evident that the grant of jurisdiction to the circuit court of the county where the school system is located is strictly for the purpose of reviewing the action taken by the Commission upon the appeal. The exercise of that jurisdiction is not supervisory but is appellate. The statute even designates and limits the areas in which the action of the Commission may be reviewed. State Tenure Commission v. MadisonCounty Board of Education, 282 Ala. 658, 213 So.2d 823 (1968). It has been clearly established that jurisdiction (exercised as here to control or enjoin a hearing) over a commission of state-wide jurisdiction, with its principal place of business located in Montgomery County, rests solely in the Circuit Court of Montgomery County. Alabama Youth Services Board v. Ellis,350 So.2d 405 (Ala. 1977); ABC Board v. Owen, 54 Ala. App. 419,309 So.2d 459 (1975). The writ issued in this case was completely supervisory and prohibited action by the Commission. It did not review. If the hearing had been held by the Commission, its action, even the procedure, could have been reviewed by the Blount County Circuit Court upon petition of the Board of Education. § 16-24-38.
It is because the Oneonta Board of Education had an adequate remedy by petition for writ of mandamus after the scheduled hearing of the Commission that we also agree with appellants' contention that the writ was issued with insufficient grounds. The common law writ of mandamus is properly available to enforce or coerce performance of a legal duty where performance has been delayed or refused. However, such extraordinary process is not to be issued unless there is no other adequate legal remedy. It is not to be permitted as a substitute for an appeal. Martin v. Loeb Co., 349 So.2d 9 (Ala. 1977); Folmarv. Brantley, 238 Ala. 681, 193 So. 122 (1939). The writ may not be issued as an instrument to bar a hearing or oust the jurisdiction of an administrative body, when the acts of such body are subject to judicial review.
The issue presented by appellants of whether the court below was correct in its holding that the Commission lost jurisdiction of the teacher's appeal by failing to hold a hearing within forty days is pretermitted at this time. It would be more properly presented upon appeal after being properly raised and ruled upon by the Tenure Commission. We hold that the writ was erroneously issued because the court was without either supervisory power or legal grounds. *Page 199 
The writ of mandamus is set aside and the petition denied.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.