HOLMES, Judge.
This is a driver’s license revocation case.
The plaintiff was twice convicted within a five-year period of driving under the influence of alcohol (DUI). Soon after his second conviction, the Alabama Department of Public Safety (Department) revoked the plaintiff's driver’s license.
The plaintiff requested an administrative hearing with regard to the revocation of his license, claiming that he was entitled to such a hearing under the Alabama Administrative Procedure Act (AAPA), Ala.Code (1975), §§ 41-22-1 through -27. His request was denied.
Plaintiff then filed suit in the Circuit Court of Jefferson County under 42 U.S.C. § 1983 (1981), claiming that the Department had denied him due process of law by revoking his driver’s license without giving him an administrative hearing as he contends was required by the AAPA.
The circuit court dismissed the plaintiff’s action. Plaintiff appeals to this court. We affirm.
The issue before this court is whether the AAPA required the Department to grant to the plaintiff an administrative hearing prior to the revocation of his driver’s license.
In many, if not most, cases in which an individual is adversely affected by the decision or action of a state agency, including the revocation or suspension of a license, that individual has the right to an administrative hearing as provided in the AAPA. *426 See Ala.Code (1975), §§ 41-22-12 and -19. Our review of the AAPA and the DUI statutes, however, leads us to conclude that such an administrative hearing is not required, or even allowed, in a case such as that now before us.
Plaintiff’s driver’s license was revoked pursuant to Ala.Code (1975), §§ 32-5A-191(d) and -196®. Under § 32-5A-191(d), when a person has twice been convicted within a five-year period for DUI, “the director of public safety shall revoke the driving privileges or driver’s license of the person so convicted for a period of one year.” (Emphasis supplied.) Under § 32-5A-195(j)(3), “[t]he director of public safety shall forthwith revoke the license of any driver upon receiving a record of such driver’s” second or subsequent conviction of DUI within a five-year period (emphasis supplied).
This court has repeatedly held that, under these,DUI statutes, the director of the Department has no discretion as to whether or not he may revoke the driver’s license. When the statutory requisites are met, i.e., the driver has been twice convicted of DUI within a five-year period, revocation of his or her driver’s license is mandatory. Wallis v. Director of Department of Public Safety, 411 So.2d 811 (Ala.Civ.App.1982); Director of Department of Public Safety v. Moore, 54 Ala.App. 351, 308 So.2d 711 (Ala.Civ.App.1975). Thus, no prerev-ocation hearing is provided by the DUI statutes.
More recently, this court reiterated its conclusion that no administrative hearing is afforded by § 32-5A-195(j) because revocation of the driver’s license is mandatory. In Mechur v. Director, Department of Public Safety, 446 So.2d 48 (Ala.Civ.App.1984), this court, speaking through our distinguished Presiding Judge Wright, held that, despite the fact that § 32-5A-195(j) did not provide for a prerevocation hearing, the statute did not deny due process of law because of its important governmental and public interest “to remove as quickly as possible any driver identified to be a life-threatening hazard on the road.” Mechur, 446 So.2d at 51.
The plaintiff contends that the passage of the AAPA has changed this state of the law with regard to revocation of a driver’s license for DUI and that now a prerev-ocation hearing is required. We disagree.
The AAPA itself provides:
“This chapter is not meant to alter the substantive rights of any person or agency. Its impact is limited to procedural rights with the expectation that better substantive results will be achieved in the everyday conduct of state government by improving the process by which those results are attained.”
Ala.Code (1975), § 41-22-2(c) (emphasis supplied).
Whether an individual whose driver’s license is revoked under the DUI statutes is entitled to an administrative hearing is a matter of substantive law. That law, as pronounced by this court, is that no such hearing is allowed because revocation under the DUI statutes is mandatory. The AAPA, which is solely limited to procedural matters, has not altered this substantive law.
In view of the above, other issues which the plaintiff has raised are pretermitted.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.