PER CURIAM.
On April 15, 1987, the Alabama Department of Environmental Management (ADEM) issued a permit to Shell Offshore, Inc., to discharge drilling waste into the waters of Alabama. Pursuant to § 22-22A-7(c), Code of Alabama 1975, Baldwin County appealed ADEM’s action to the Alabama Environmental Management Commission (AEMC). The issuance of the permit was stayed pending that appeal. A hearing officer reviewed the case and recommended that ADEM’s decision be affirmed. On August 5, 1987, AEMC met to consider the officer’s recommendation, and voted to reject the recommendation and disapprove the action of ADEM. AEMC’s order was entered on August 10, 1987.
*565 On August 10, 1987, Shell filed a motion asking AEMC to reconsider its order. Baldwin County requested that the motion be stricken on the ground that AEMC has no authority to conduct a rehearing. Baldwin County then filed a writ of prohibition in the Montgomery County Circuit Court, alleging that the action about to be taken by AEMC was in excess of its statutory authority. The Montgomery County Circuit Court found that the issue was not ripe since AEMC had not actually decided to conduct a rehearing.
On September 8, 1987, at 10:00 a.m., AEMC met to consider whether it had authority to entertain a motion for reconsideration. By a vote of 4 to 3, AEMC denied the motion to strike and decided that it did have the authority to reconsider its August 10 order. The vote to reconsider was taken at approximately 11:00 a.m. Within minutes, Baldwin County filed a petition for a temporary restraining order in the Montgomery County Circuit Court, seeking to enjoin AEMC from reconsidering its order. The parties were informed that the petition had been set for a hearing in the circuit court at 1:00 p.m. that day. Although AEMC had knowledge of the trial court’s order setting a hearing on Baldwin County’s petition for a temporary restraining order, it voted to proceed with the rehearing. Before 1:00 p.m., AEMC voted to reverse its order of August 10 and to approve the action of ADEM in issuing the permit to Shell.
The Montgomery County Circuit Court entered an order enjoining AEMC from continuing until it had a chance to review the merits of the petition. Shell filed a petition for writ of mandamus in the Alabama Court of Civil Appeals seeking to prevent the Montgomery County Circuit Court from hearing Baldwin County’s petition. The Court of Civil Appeals entered an order granting Shell’s petition and holding that “the issues involved or to be involved are proper matters to be presented by appeal to the circuit court.”
Baldwin County then filed a petition for writ of certiorari, which we granted in order to review the Court of Civil Appeals’ holding that Baldwin County’s remedy was review by appeal. We disagree with the Court of Civil Appeals, and hold that an extraordinary writ will lie to prevent an agency from taking action beyond its authority.
It is well settled that an extraordinary writ will not lie if there is a right of appeal. Shell contends that the appropriate procedure would have been for Baldwin County fo appeal from AEMC’s decision on rehearing. Baldwin County argues that at the time it filed its petition for writ of prohibition and its petition for a temporary restraining order, it had not suffered an adverse final ruling from which it could appeal and, therefore, that an extraordinary writ was the only remedy available to it.
The controlling statutes in this area are Ala. Code 1975, §§ 22-22A-7(c)(6) and 41-22-27(f). Section 41-22-27(f) provides as follows:
“Except as provided in subdivision (6) of subsection (c) of section 22-22A-7, judicial review of any order of the environmental management commission modifying, approving or disapproving an administrative action of the Alabama department of environmental management shall be in accordance with the provision for review of final agency decisions of contested cases in sections 41-22-20 and 41-22-21.”
Section 22-22A-7(c)(6) provides as follows:
“Any order of the environmental management commission made pursuant to the above procedure, modifying, approving or disapproving the department’s administrative action, constitutes a final action of the department and is appeal-able to the Montgomery county circuit court or the circuit court in which the applicant does business or resides for judicial review on the administrative record provided that such appeal is filed within 30 days after issuance of such order.”
In other words, judicial review of an order by AEMC will be in accordance with the provisions of § 22-22A-7(c)(6), if the order was entered pursuant to the proce *566 dures in § 22-22A-7(c). AEMC’s order on August 10 was entered pursuant to § 22-2A-7(c)(l), which requires that a hearing to contest an administrative action of ADEM be filed within 15 days; therefore, pursuant to the provisions of § 22-22A-7(c)(6), the order of August 10 constituted a final action and was appeal-able to the Montgomery County Circuit Court.
Shell and AEMC concede that the only authority for AEMC to conduct a rehearing would be an inherent authority in administrative agencies to conduct a rehearing. Citing Ellard v. State, 474 So.2d 743 (Ala.Crim.App.1984), aff'd, 474 So.2d 758 (Ala.1985), Shell favorably quotes the following:
“Any deliberative body, administrative, judicial, or legislative, has the inherent power to reconsider an action taken by it unless the action is such that it cannot be set aside or unless reconsideration is precluded by law. In re Fain, 65 Cal.App.3d 376, 135 Cal.Rptr. 543 (1976). The power of administrative reconsideration is consistent with the principle that ‘notions’ of administrative autonomy require that the agency be given a chance to discover and correct its own errors. In re Fain, supra; McKart v. United States, 395 U.S. 185 [89 S.Ct. 1657, 23 L.Ed.2d 194] (1969).”
Shell argues that the Ellard decision is particularly supportive of its position because the statute being reviewed in Ellard did not affirmatively provide for the Board of Pardons and Paroles to reconsider its decisions. Just as the statute in the instant case does not expressly address the issue of rehearing, the statute creating the parole board was completely silent on the issue of rehearing. Essential to Shell’s argument is the Ellard court’s opinion that a statutorily created administrative body possesses inherent powers to reconsider even though the creating statute makes no provision therefor.
In affirming Ellard, we recognized the general rule that administrative agencies may reconsider and modify their determinations or correct errors under certain circumstances. However, it is equally true that an administrative agency cannot reconsider an action taken by it if the action cannot be set aside or if reconsideration is precluded by law.
While acknowledging the general inherent power to reconsider, we will examine the circumstances of this case to determine whether AEMC is precluded by law from reconsidering its actions. Although the Ellard decision is persuasive, there are some factors that distinguish the instant case from Ellard. First, the initial action being considered in Ellard was illegal and void because it was in violation of the mandatory provisions of the parole statutes. Second, the parole board is a legislative agency and not subject to the rehearing provisions of the Alabama Administrative Procedure Act, § 41-22-17. In the instant case, AEMC would be subject to § 41-22-17, had it not been expressly exempted in § 41-22-27(f) of the Alabama Administrative Procedure Act.
In October 1986, the Alabama Department of Environmental Management became subject to the provisions of the Alabama Administrative Procedure Act. However, at the request of the Department, the legislature exempted the Department from those provisions of the Administrative Procedure Act that dealt with rehearing. At oral argument, AEMC contended that it thought its own procedures were adequate to handle rehearings. It is undisputed that the Department has the authority to create rules and regulations, and, arguably, this could include rules governing a rehearing. However, no rules governing a rehearing have yet been promulgated by the Department.
Courts in other jurisdictions encountering this situation have held that in the absence of statutory authority, an administrative agency has no authority to grant a rehearing. 73A C.J.S. Public Administrative Law and Procedure § 161 (1983) (see cases cited under footnote 57). Some courts have held that an administrative agency has no authority to conduct a rehearing, particularly in cases where the action was judicial or quasi-judicial and the statute provides for an appeal to the courts *567 from the agency’s decision. 73A C.J.S. Public Administrative Law and Procedure § 161 (1983) (see cases cited under footnotes 58, 59).
In Magma Copper Co. v. Arizona State Tax Commission, 67 Ariz. 77, 191 P.2d 169 (1948), the Arizona Supreme Court held that “The fact that the legislature provided for an appeal from the decision of the Commission after the hearing provided for ... is to our mind, conclusive evidence that it intended said decision should be final and that said appeal should constitute the exclusive remedy of the appellant.” In the instant case, it is not necessary to infer that AEMC’s original decision was final, because § 22-22A-7(c)(6) expressly provides that any order of AEMC shall constitute a final order. This, coupled with the facts that the statute expressly provides that this final order shall be appealable to the Montgomery Circuit Court, and that the Department is expressly exempt from the rehearing provisions in the Administrative Procedure Act, is conclusive evidence that an appeal is the exclusive remedy from an action taken by AEMC pursuant to § 22-22A-7(c), and that AEMC is precluded by law from reconsidering a prior decision.
Shell and AEMC urge that the focus of our review should be on the issue of whether the Montgomery County Circuit Court had jurisdiction to consider Baldwin County’s request for a temporary restraining order. They quote the following from Alabama State Tenure Commission v. Oneonta City Board of Education, 376 So.2d 197 (Ala.Civ.App.1979):
“The writ [of mandamus] may not be issued as an instrument to bar a hearing or oust the jurisdiction of an administrative body, when the acts of such body are subject to judicial review.”
In other words, could the Montgomery County Circuit Court oust the jurisdiction of AEMC? Shell and AEMC are making an assumption that AEMC still had jurisdiction after AEMC had entered its original order on August 10, 1987. This assumption, which they make in their favor, is the very point that is in dispute in this case.
We are of the opinion that AEMC, in rendering its decision and entering its order on August 10, 1987, was exercising a quasi-judicial function, and that upon entering the order, AEMC exhausted all its jurisdiction. Therefore, AEMC had no jurisdiction from which the Montgomery County Circuit Court could oust it, and Baldwin County’s proper remedy was a writ of prohibition to prevent AEMC from taking action beyond its authority. We agree with the principle stated in Magma Copper Co., supra, that when the statute intends a quasi-judicial act to be final, the act may not thereafter be revoked.
As previously stated, the argument is compelling that AEMC and all other administrative agencies should have the authority to correct their own errors. However, in addition to the evidence that the legislature intended that AEMC not have the authority to conduct a rehearing, several perplexing questions remain, because there are no promulgated rules governing a rehearing. Several of our questions may be found in Heap v. City of Los Angeles, 6 Cal.2d 405, 57 P.2d 1323, 1324 (1936). There the California Supreme Court queried:
“If the [inherent power to reconsider] were admitted, what procedure would govern its exercise? Within what time would it have to be exercised; how many times could it be exercised? Could a subsequent commission reopen and reconsider an order of a prior commission? ... These and many other possible questions which might be raised demonstrate how unsafe and impracticable would be the view that a commission might upset its final orders at its pleasure, without limitations of time, or methods of procedure.”
At oral argument, Shell and AEMC admitted that a rehearing under the present scheme is confusing and unclear. They asserted that there should be 30 days to file for a rehearing, the same time for filing a notice of appeal. It was also their contention that AEMC would be compelled to rule within this 30-day period. Under such a scheme, if the rehearing application were filed on the 30th day, would AEMC have to rule on that same day? Suppose both parties were dissatisfied with an order of AEMC: would the party wishing to appeal have to wait until the 30th day to see *568 if the other party was going to file for a rehearing? Suppose the notice of appeal was filed before an application for rehearing: would the circuit court be divested of jurisdiction upon the filing of the application for rehearing? Why 30 days, rather than 15 days as provided for an appeal of an ADEM action to AEMC? How would a rehearing affect the time for filing a notice of appeal?
These questions are but a small sample of the confusion that could result from holding that AEMC could conduct a rehearing without any promulgated guidance. Such a decision would destroy the statutory appeal process, which is clear and unambiguous and which does not contemplate a rehearing. Therefore, we hold that AEMC has no authority to conduct a rehearing, and that it is precluded from doing so by the law as presently codified. The only remedy provided for is by appeal to the circuit court. Shell did not take an appeal from AEMC’s order of August 10, 1987, but instead moved for a rehearing. AEMC was wholly without any authority to grant a rehearing or to take further action of any kind in the matter. All actions thereafter taken by AEMC, including its order of September 8, 1987, were null and void. Since there was no appeal from the order of August 10, 1987, the order denying Shell a permit to dump drilling waste is reinstated as the final order of AEMC.
The judgment of the Court of Civil Appeals is reversed.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., and MADDOX and BEATTY, JJ., dissent.