190 So.2d 683

**Elton KELLEY**

v.

**Albert J. LINGO, Director of Public Safety.**

**6 Div. 310.**

Supreme Court of Alabama.

Oct. 6, 1966.

LIVINGSTON, Chief Justice.

On May 1, 1965, Elton Kelley pleaded guilty in the Recorder's Court of Haleyville, Alabama, to driving while intoxicated and paid a fine of $100.00 and $5.00 cost. On September 2, 1965, pursuant to Title 36, Sec. 68, Code of Alabama, 1958 Recompiled Code, the City Recorder of Haleyville, Alabama, mailed to the Department of Public Safety, Drivers' License Division, at Montgomery, Alabama, a report stating that Elton Kelley was convicted of driving while intoxicated on May 1, 1965. Thereafter, the Director of the Department of Public Safety notified Elton Kelley that his driving privilege, driver's license and registration plates had been withdrawn by the Director, effective September 3, 1965.

On September 7, 1965, Elton Kelley filed the following instrument in the Circuit Court of Winston County, Alabama, Haleyville Division:

### "PETITION

"TO THE JUDGE OF SAID COURT:

"Comes Elton Kelley and shows unto the Court as follows:

"1. That petitioner's driving privilege, driver's license, and registration plates have been withdrawn by Albert J. Lingo, Director, Department of Public Safety for the State of Alabama effective September 3, 1965.

"2. Petitioner resides in Winston County, Alabama—Haleyville Division and desires a hearing on this matter in the Circuit Court of Winston County, Alabama, Haleyville Division, and desires an Order of this Court staying the said Order of the Director of the Department of Public Safety, pending the outcome of the hearing of this cause.

Bill Fite, Hamilton, for appellant.

Richmond M. Flowers, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for appellee.

"Attorney for Petitioner

"Filed September 7, 1965

"/s/ JOHN NICHOLS,
    Clerk."

On September 7, 1965, the Circuit Judge of Winston County, Haleyville Division, entered an order staying the order of the Director of the Department of Public Safety for the State of Alabama withdrawing the driving privilege, driver's license, and registration plates of Elton Kelley, and held that Elton Kelley was entitled to a hearing on said petition.

On September 15, 1965, the Attorney General for the State of Alabama, on behalf of the Director of the Department of Public Safety for the State of Alabama, filed a motion to dismiss the proceedings. The motion to dismiss, in substance is to the effect that an appeal will not lie in this proceeding and the court was without jurisdiction to hear it. Sometime later, the date not appearing in the record, the proceedings, together with the motion to dismiss, were heard before the Circuit Judge of Winston County, Alabama, Haleyville Division, sitting without a jury. On the 25th day of October, 1965, the following judgment was entered:

> "Upon considering the evidence, it is ordered that petition be and is hereby dismissed.
>
> "Moore, Judge"

This appeal followed.

■ The proceeding in the Circuit Court of Winston County, Haleyville Division, by whatever name designated, is without authority of law and the trial court correctly dismissed it. Title 36, Sec. 68, Code of 1940, 1958 Recompiled Code, provides, in pertinent part, as follows:

> "The director of public safety shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses, when such conviction has become final: * * * driving a motor vehicle by a person * * * while intoxicated: * * *. * * * Any person denied a license or whose license has been cancelled, suspended or revoked by the director of public safety *except where*

*such cancellation or revocation is mandatory under the provisions of this article* shall have the right to file a petition within thirty days thereafter for a hearing on the matter in the * * * circuit court * * *." (Emphasis supplied.)

■ The provisions of the foregoing statute are mandatory where one has been convicted for driving a motor vehicle while intoxicated and said conviction has become final. Ex parte Smith, 30 Ala.App. 24, 200 So. 114; State ex rel. Bates v. Savage, 34 Ala.App. 633, 42 So.2d 695; May v. Lingo, 277 Ala. 92, 167 So.2d 267.

■ It must be remembered that the present proceedings do not involve an appeal from conviction of driving while intoxicated, but is an attempt to review the revocation of the driver's privileges. There is no provision in the statute providing for such a proceeding, and such proceeding is wholly without authority of law. Authorities cited. And we here add that the circuit court in suspending the order of the Public Safety Director pending a hearing of such proceeding is also without authority of law.

■ One whose driver's license has been mandatorily revoked by the Director of Public Safety cannot maintain a petition (or an appeal) in the circuit court under the provisions of Title 36, Sec. 68, Code 1940, as Recompiled in 1958, seeking to review the order of the Director of Public Safety revoking his driver's privileges.

The Director of Public Safety objected to the hearing on the ground that the Circuit Court of Winston County had no jurisdiction to entertain the petition (or appeal) in view of the mandate of the statute.

■ We do not mean to say that one whose driver's privileges have been revoked by the Director of Public Safety for driving while intoxicated has no remedy, but if he has, and we do not suggest what it is, it must be filed in the Circuit Court of Montgomery County, Alabama, the official resi-

dence of the Director of Public Safety of the State of Alabama. See: First National Bank of Linden v. Alston, 231 Ala. 348, 165 So. 241; Tri-State Corp., Inc. v. State ex rel. Gallion, 272 Ala. 41, 128 So.2d 505; State ex rel. Toberman v. Cook, 365 Mo. 274, 281 S.W.2d 777; Eck v. State Tax Commission, 204 Md. 245, 103 A.2d 850, 859, 48 A.L.R.2d 415, Anno., Venue, Action Against Public Official.

The instant proceeding was clearly not only unauthorized, but specifically prohibited. May v. Lingo, supra.

The Circuit Court of Winston County did not err in granting the motion of the Director of Public Safety of Alabama to dismiss the petition (or appeal) of Elton Kelley.

The judgment is affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.