194 So.2d 851

**Ex parte STATE of Alabama ex rel. C. W. RUSSELL, Director of Public Safety.**

**6 Div. 366.**

Supreme Court of Alabama.

Feb. 2, 1967.

Richmond M. Flowers, Atty. Gen. and Robt. P. Bradley, Asst. Atty. Gen., for relator.

Maxwell Peters, Tuscaloosa, for respondent.

MERRILL, Justice.

Petition for mandamus by the Director of Public Safety to direct the Circuit Court of Tuscaloosa County to revoke an order requiring the Director to set aside the revocation of the driver license of Hubert W. Camp.

The Director of Public Safety of the State of Alabama revoked the driver license of Camp on December 13, 1965, after receiving a notice of a final conviction of Camp, for the offense of driving a motor vehicle while intoxicated, from a Justice of Peace Court in Tuscaloosa County. On December 21st, Camp filed a petition pursuant to the provisions of Tit. 36, § 68, Code 1940, asking the circuit court to review the order of the Director in revoking his driver license. The Director filed a motion in the circuit court asking the court to dismiss the petition on the ground that it had no jurisdiction to hear it. A hearing was had on the motion, and at the conclusion, the circuit judge denied the motion to dismiss and ordered the Director of Public Safety to reinstate Camp's driver license. Thereupon, the Director filed a petition for writ of mandamus to require the circuit judge to vacate his order denying the motion to dismiss and directing the judge to grant the motion and dismiss the petition filed by Camp. We granted the rule nisi.

A return and answer was filed by the circuit judge in which he stated that the conviction of Camp was "void, invalid and void for want of jurisdiction" for several reasons. Assuming but not deciding that Camp's conviction may be void, the Circuit Court of Tuscaloosa County was without jurisdiction to decide the matter at the time and in this proceeding, because the record shows that the attempted appeal of Camp was "from an order of Honorable C. W. Russell as Director of the Department of Public Safety of the State of Alabama, which order was issued effective on, to-wit, December 13, 1965, and which said order revoked Appellant's driver's license and automobile registration plates for a period of six months."

Title 36, § 68, Code 1940, provides, in pertinent part, as follows:

"* * * The director of public safety shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses, when such conviction has become final: * * * driving a motor vehicle by a person * * * while intoxicated; * * * Any person denied a license or whose license has been cancelled, suspended or revoked by the director of public safety *except where such cancellation or revocation is mandatory under the provisions of this article* shall have the right to file a petition within thirty days thereafter for a hearing on the matter in the * * * circuit court * * *." (Emphasis supplied)

In May v. Lingo, 277 Ala. 92, 167 So.2d 267, we said:

"When a person is convicted of driving a motor vehicle while intoxicated and such conviction becomes final, it is the mandatory duty of the Director of Public Safety to forthwith revoke his driver's license. Ex parte Smith, 30 Ala.App. 24, 200 So. 114; State ex rel. Bates v. Savage, 34 Ala.App. 633, 42 So.2d 695. No discretion on the part of the Director of Public Safety is involved. His action is purely administrative so far as manda-

tory revocations are concerned. Anything said to the contrary in Ex parte State ex rel. Sullivan, 262 Ala. 188, 78 So.2d 322, and in Ex parte State ex rel. Lyerly, 38 Ala.App. 630, 91 So.2d 233, is disapproved."

It is clear that the action of the Director of Public Safety in revoking Camp's license was mandatory and the last sentence of § 68, partially quoted supra, does not apply. Therefore, this is no authority for Camp to have a review of the Director's action by the Circuit Court of Tuscaloosa County.

■ There is also another reason why the Circuit Court of Tuscaloosa County did not have jurisdiction. This purported appeal was an appeal based upon the mandatory action of the Director of Public Safety, whose office is in Montgomery County, Alabama. Since it is not one of those actions which can be reviewed in a court wherein the licensee resides, any action to review a mandatory act of the Director of Public Safety must be brought in Montgomery County. Our recent case of Kelley v. Lingo, 280 Ala. 128, 190 So.2d 683, is decisive of the question presented here. We repeat one paragraph from the opinion in that case:

"It must be remembered that the present proceedings do not involve an appeal from conviction of driving while intoxicated, but is an attempt to review the revocation of the driver's privileges. There is no provision in the statute providing for such a proceeding, and such proceeding is wholly without authority of law. Authorities cited. And we here add that the circuit court in suspending the order of the Public Safety Director pending a hearing of such proceeding is also without authority of law."

In fairness to the Circuit Judge of Tuscaloosa County, we note that the decision in Kelley v. Lingo, supra, was not available to the judge when he made the ruling in this cause on May 9, 1966. The decision in the *Kelley* case was not announced until October 6, 1966.

It follows that a writ of mandamus is due to be awarded unless the respondent, after being advised of this opinion, expunges or holds for naught the order in this cause and dismisses the purported appeal of Hubert W. Camp.

Writ awarded conditionally.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.