225 So.2d 879

Robert ROGERS

v.

C. W. RUSSELL, as Director, etc.

. 1 Div. 544.

Supreme Court of Alabama.

Aug. 7, 1969.

Fred F. Smith, Jr., Prichard, for appellant.

MacDonald Gallion, Atty. Gen., Jasper B. Roberts, Asst. Atty. Gen., for appellee.

MERRILL, Justice.

On December 29, 1967, appellant was notified by the Director of the Department of Public Safety that his driver license and driving privilege had been revoked and he was ordered to return his driver license, registration tags and registration certificates to the Department for the reason that he had been convicted of driving while intoxicated in Washington County.

On January 24, 1968, an appeal was taken from the order of the Director to the Circuit Court of Mobile County, where appellant resided. An order was entered staying all proceedings in the cause pending a hearing of the appeal.

On February 20, 1968, the Director filed a motion to dismiss the appeal because Tit. 36, § 68, Code 1940, provides that it is the mandatory duty of the Director to revoke the driver license of any person upon receipt of a final conviction of the offense of driving while intoxicated.

A hearing was held in circuit court on June 28, 1968, and the appeal was dismissed. This appeal was from that order.

The appeal was properly dismissed. Kelley v. Lingo, 280 Ala. 128, 190 So.2d 683; Ex parte State ex rel. Russell, 280 Ala. 448, 194 So.2d 851.

In May v. Lingo, 277 Ala. 92, 167 So.2d 267, we said:

"When a person is convicted of driving a motor vehicle while intoxicated and such conviction becomes final, it is the mandatory duty of the Director of Public Safety to forthwith revoke his driver's license. Ex parte Smith, 30 Ala.App. 24, 200 So. 114; State ex rel. Bates v. Savage, 34 Ala.App. 633, 42 So.2d 695. No discretion on the part of the Director of Public Safety is involved. His action is purely administrative so far as mandatory revocations are concerned. Anything said to the contrary in Ex parte State ex rel. Sullivan, 262 Ala. 188, 78 So. 2d 322, and in Ex parte State ex rel. Lyerly, 38 Ala.App. 630, 91 So.2d 233, is disapproved."

In Kelley v. Lingo, 280 Ala. 128, 190 So. 2d 683, we said:

"It must be remembered that the present proceedings do not involve an appeal from conviction of driving while intoxicated, but is an attempt to review the revocation of the driver's privileges. There is no provision in the statute providing for such a proceeding, and such proceeding is wholly without authority of law. Authorities cited. And we here

478

add that the circuit court in suspending the order of the Public Safety Director pending a hearing of such proceeding is also without authority of law."

In Ex parte State ex rel. Russell, 280 Ala. 448, 194 So.2d 851, we said that even though the conviction of the driver in that case of driving while intoxicated may have been void, "the Circuit Court of Tuscaloosa County was without jurisdiction to decide the matter" because the attempted appeal was from an order of the Director of Public Safety under Tit. 36, § 68. We cited the statute, the *May* and *Kelley* cases, and ordered the Circuit Court of Tuscaloosa County to dismiss the appeal of the convicted driver to that court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.