Edward MOORE, on behalf of himself and all others similarly situated, Plaintiffs-Appellants,

v.

C. Snow HINTON et al., Individually and as members of the City Commission of Tuscaloosa, Alabama, et al., etc., Defendants-Appellees.

No. 74–2379.

United States Court of Appeals, Fifth Circuit.

June 2, 1975.

Jack Drake, University, Ala., Edward Still, Birmingham, Ala., Ralph I. Knowles, Jr., University, Ala., for plaintiffs-appellants.

J. Wagner Finnell, City Atty., Glenn N. Baxter, Asst. City Atty., Tuscaloosa, Ala., for defendants-appellees.

Before TUTTLE, GODBOLD and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Plaintiff-appellant Edward Moore brought this class action in federal district court under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against members of the Tuscaloosa, Alabama, City Commission, the Judge of the city's Recorder's Court and the Director of the Alabama Department of Public Safety. Moore alleged that the procedure by which the Recorder's Court accepted pleas of guilty to charges of driving while intoxicated deprived him of certain constitutional rights. His individual claim was settled by consent decree, without prejudice to the class action, which was submitted on a set of stipulated facts which may be summarized as follows.

Prior to the convening of Recorder's Court, prospective defendants are advised that any of them wishing to plead guilty may discuss a settlement with the prosecuting attorney. After discussion of the facts of the particular case, the prosecutor usually offers to settle, always advising the defendant of the ex-

act fine or sentence which he will receive. In every case in which the proposed settlement involves imprisonment, the defendant is informed of his right to counsel, and that if he cannot afford an attorney, he will be furnished one without cost to him.

Defendants are not advised that, as a result of their guilty plea, the state Department of Public Safety will suspend their driver's license.[1] Nor are they advised of their right to plead not guilty, their right to counsel, or their right to appeal to a state circuit court in which they would receive a jury trial *de novo.*

For reasons explained below, we affirm the district court's dismissal of the cause of action.

■ Appellant's most compelling argument is that a defendant cannot enter a guilty plea knowingly and voluntarily in such a situation unless he is informed that as a consequence of his plea, he will be required to forfeit his driver's license for a period of time. Appellant relies on the broad, incontestable principles established by such cases as Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.") and Boykin v. Alabama, 395 U.S. 238, 243, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) (in accepting a guilty plea, a court must employ "the utmost solicitude . . . in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence.") Loss of a driver's license, appellant argues, is just such a consequence; due process therefore requires, he concludes, that a defendant be informed of this consequence before he can voluntarily and intelligently plead guilty.

Of crucial importance here, however, is the fact that the Alabama Department of Public Safety, not the court, deprives the defendant of his license, acting under authority of 36 Ala.Code § 68. The court merely accepts the defendant's plea, and sentences him to a fine and/or imprisonment. The Department of Public Safety then institutes a separate proceeding for suspension of his license; this suspension is not, therefore, punishment imposed by the court as a result of the guilty plea, but a collateral consequence of the defendant's conviction.

Numerous cases establish that defendants need not be informed of such collateral consequences in order to voluntarily and intelligently plead guilty. In Meaton v. United States, 328 F.2d 379 (5th Cir. 1964) for example, this court rejected the contention that appellant should be allowed to withdraw his guilty plea to a mail fraud charge because he had not been informed that, as a convicted felon, he would automatically forfeit his rights to vote and to travel abroad. In Wadley v. Davis, 445 F.2d 1, 3 (5th Cir. 1971) this court held that appellants were not entitled, before pleading guilty to a crime of "moral turpitude," to be informed that if they did so plead, they would automatically be struck from the local voting rolls; "[T]he loss of franchise is a result of the conviction, not the plea." *Cf.* Trujillo v. United States, 377 F.2d 266 (5th Cir. 1967) (defendant need not be informed, before pleading guilty, that he will not be eligible for parole under the mandatory sentence to be imposed). Courts have also held that defendants are not entitled to be informed that a likely consequence of a guilty plea is deportation, United States v. Parrino, 212 F.2d 919 (2nd Cir. 1954) or an undesirable discharge from the armed forces, Redwine v. Zuckert, 115 U.S.App.D.C. 130, 317 F.2d 336 (1963). We therefore likewise hold that a defendant need not be informed, before pleading guilty to a charge of driving while intoxicated, that

---

1. Whether the suspension is automatic was not stipulated. There is some ambiguity in the record on this point; we need not resolve this ambiguity, however, since our conclusion would be identical in either case.

as a collateral consequence of his conviction, his driver's license will be suspended.

 Second, appellant argues that the court, either before or after accepting a guilty plea, should inform the defendant that he may appeal his conviction to a higher state court in which he will receive a trial *de novo,* before a jury if he so desires. There is no merit to this contention. What this court said in Davis v. Wainwright, 462 F.2d 1354, 1355 (5th Cir. 1972) is dispositive of appellant's argument:

> The rule with regard to federal defendants is that there is no necessity to advise them of the right to appeal after they have plead guilty. . . .
> Such advice not being a right afforded to a federal defendant, it is clear to us that failure to so advise may not be reached as a claimed violation of federal constitutional rights in federal habeas corpus proceedings by a state prisoner attacking a conviction based on a plea of guilty. (Footnote omitted.)

 Finally, appellant argues that, before accepting guilty pleas, an official of the Recorder's Court should inform defendants of their right to counsel in cases in which appointed counsel is not required. Appellant does not contend that this court should extend the rule of Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) by requiring the appointment of counsel even in cases in which incarceration is not a possibility; rather, he argues that defendants' unquestioned right to employ counsel is jeopardized unless they are told, "You have the right to hire a lawyer."

We find no merit in this contention. Appellant has made no showing that the current procedure jeopardizes defendants' right to be represented by retained counsel. The situation is not even remotely similar to that described by the Supreme Court in the archetypal "warning" case, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The basis of the Court's holding there was its fear that in a "police dominated atmosphere" of "incommunicado interrogation," immense psychological pressure would produce in the individual a "compulsion to speak." 384 U.S. at 445, 461, 86 S.Ct. 1602. Here, on the other hand, the defendant when he comes to court will not ordinarily have been in custody at all, but will have had ample opportunity, in any case, to discuss his situation with friends and family, and to hire a lawyer if he so desires. We therefore hold that defendants' right to counsel in this situation is not so jeopardized as to require a warning from the court that they may employ counsel.

For the above reasons, the judgment of the district court is

Affirmed.