331 So.2d 735

**Col. Eldred C. DOTHARD, Director of Public Safety, State of Alabama**

**v.**

**Stanley Eugene WHITMAN.**

**Civ. 720.**

Court of Civil Appeals of Alabama.

April 28, 1976.

William J. Baxley, Atty. Gen. and Sarah M. Greenhaw, Asst. Atty. Gen., for appellant-petitioner.

No appearance for appellee-respondent.

HOLMES, Judge.

This is an appeal from the Circuit Court of Coffee County and in the alternative a petition for writ of mandamus. The trial court entered an order requiring the Director of Public Safety to withdraw his order revoking the driver license of Stanley E. Whitman. The Director now appeals from that action of the trial court and in the alternative requests the issuance of a writ of mandamus directing the trial court to rescind his above described order.

It is the contention of the Director that the trial court had no jurisdiction over the cause. For the reasons set out below, we agree.

The record reveals the following pertinent facts:

Stanley E. Whitman was arrested on June 27, 1974, by police officers of the City of Enterprise, and charged with driving while intoxicated. He testified that he appeared at the Enterprise police station the following day and there plead guilty to the offense of reckless driving and paid a fine.

The Director later received on the prescribed form DL–6 a report that Whitman had been convicted of driving while intoxi-

cated. There was some testimony presented at the hearing before the trial judge to the effect that this report was erroneous.

In January of 1975, Whitman received a notice from the Director stating that he had been convicted of the offense of driving while intoxicated. The Director revoked Whitman's driver license the following February, pursuant to Tit. 36, § 68, Code of Alabama 1940, which provides in pertinent part:

"The director of public safety shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses, when such conviction has become final: . . . driving a motor vehicle by a person . . . while intoxicated; . . ."

In June of 1975, Whitman appealed the Director's action to the Circuit Court of Coffee County. Whitman also prayed that a writ of mandamus be issued commanding the Director to withdraw his order revoking Whitman's driver license.

The trial court, after a hearing *ore tenus*, issued an order by which the Director was required to vacate his action revoking Whitman's driver license. In his order, the trial judge found that Whitman was never convicted of the driving while intoxicated offense, as is required for his driver license to be revoked. As noted earlier, the Director contends that the trial court's order is void in that the court had no jurisdiction over the action commenced by Whitman.

We initially note that Tit. 36, § 68, Code of Alabama 1940, contains the following provision:

"Any person denied a license or whose license has been cancelled, suspended or revoked by the director of public safety *except where such cancellation or revocation is mandatory under the provisions of this article* shall have the right to file a petition within thirty days thereafter for a hearing on the matter in the county court, circuit court or court of like jurisdiction in the county wherein such person resides, . . ." (Emphasis added)

■ As pointed out earlier, the same code section imposes a mandatory duty upon the Director to revoke the license of a driver upon receiving a record that the driver has been convicted of driving while intoxicated. *Rogers v. Russell*, 284 Ala. 477, 225 So.2d 879.

■ The Alabama Supreme Court has interpreted § 68 of Tit. 36 as meaning that any action brought to review a mandatory act of the Director of Public Safety must be brought in the Circuit Court of Montgomery County, the official residence of the Director. See *Kelley v. Lingo*, 280 Ala. 128, 190 So.2d 683; *Ex parte State ex rel. Russell*, 280 Ala. 448, 194 So.2d 851. Accordingly, no other circuit court has jurisdiction to entertain such an action, with the result that an order in such a proceeding is void if issued by any court other than the Circuit Court of Montgomery County. *Boyd v. Garrison*, 246 Ala. 122, 19 So.2d 385; 46 Am.Jur.2d *Judgments* § 24.

The able and learned trial judge entered a very detailed order in which he distinquished the *Kelley* and *Russell* cases, *supra*, from the present case in that *Kelley* and *Russell* involved actual convictions for proscribed offenses, while Whitman alleges he was not in fact so convicted. He therefore reasoned that Whitman was not bound to bring his action in the Circuit Court of Montgomery County. However, the import of *Kelley* and *Russell*, as they interpret Tit. 36, § 68, is that review of the Director's action is confined to the Montgomery Circuit Court whenever his action is mandatory. The Director's action is mandatory whenever he receives a report, as in this instance, of a driving while intoxicated conviction.

The initial inquiry before the trial court was thus a jurisdictional one: whether the Director's action was mandatory. As noted earlier, the Director received a report that Whitman had been convicted of driving while intoxicated, so that his action revoking Whitman's driver license was mandatory. The answer to this threshold question shows that jurisdiction of the cause was vested in the Circuit Court of Montgomery County. See *Kelley, supra,* and *Russell, supra.* The determination of whether or not a conviction actually took place has nothing to do with the matter of jurisdiction, but rather is a question to be addressed in the proceeding before the Montgomery Circuit Court.

We therefore hold that the learned trial judge erred by not granting the Director's motion to dismiss the cause for want of jurisdiction.

The order of the Circuit Court of Coffee County is void, as discussed above. A void judgment will not support an appeal. *Thornton v. First National Bank of Birmingham,* 291 Ala. 233, 279 So.2d 496. Accordingly, the appeal is dismissed, and a writ of mandamus will issue directed to Honorable Eris F. Paul, Judge of the Circuit Court of Coffee County, unless within thirty days he shall set aside the judgment commanding the Director of the Alabama Department of Public Safety to withdraw his order revoking Stanley E. Whitman's driver license.

APPEAL DISMISSED; WRIT OF MANDAMUS AWARDED CONDITIONALLY.

WRIGHT, P. J., and BRADLEY, J., concur.