Defendants petition for a writ of mandamus to be directed by this court to Honorable F. Murland Smith, Judge of the Covington Circuit Court, directing him to vacate an order entered on May 14, 1976. That order denied a motion to dismiss an action for declaratory judgment brought against defendants Employees' Retirement System, and David G. Bronner, as Executive Officer of the Employees' Retirement System.
The petition for writ of mandamus alleges that the Circuit Court of Covington County is without subject matter jurisdiction of an action brought against the System because it is a board or commission of statewide jurisdiction, not limited to any county or district in its field of operation and has its principal office or place of business in Montgomery County. The petition does not challenge the order of the circuit court upon the ground of improper venue, though such was a ground of the motion to dismiss filed below. Therefore, the issue presented by the petition is clear and it must prevail or fail upon that issue.
Does a circuit court of any county other than Montgomery have jurisdiction over a declaratory judgment action against a state *Page 1378 
board, state commission, public corporation or official of state-wide jurisdiction having its principal office in Montgomery County? That is the issue.
Petitioner relies upon the authority of cases of the Supreme Court of Alabama cited as follows: Ex parte: Alabama TextileProducts Corporation, 242 Ala. 609, 7 So.2d 303; Kelley v.Lingo, 280 Ala. 128, 190 So.2d 683; Alabama State Bar v.Watson, 289 Ala. 729, 272 So.2d 240. Defendant relies upon the general jurisdiction vested in circuit courts by Article 6, Sec. 142 of the Alabama Constitution and upon the contention that the principle of the cases cited by petitioner does not apply in this case.
We consider it necessary to analyze the authorities cited by petitioner. The first case is that of Ex parte: Alabama TextileProducts Corporation, supra. In that case writ of certiorari was sought from the supreme court to review an order of the Board of Appeals, Unemployment Compensation Division of the Dept. of Industrial Relations. The court held that it had the authority to grant such writ under Title 13, Sec. 17 (3) of theCode of Alabama (1940), and Sec. 140 of the constitution. The constitution and statute grant to the supreme court general superintendence of all inferior jurisdictions within the state, either by appeal or by supervisory writs. However, the court refused to exercise its authority because there was another court inferior to it (Circuit Court of Montgomery County) which had the power of general superintendence over inferior jurisdictions. Title 13, Sec. 126, Code.
The court indicated that the exercise of superintendence by a circuit court is inferentially limited to the territorial area assigned to it. The court said that the circuit court wherein the board or commission had its principal place of business had right of general superintendence over the acts of such board or commission. It further said as follows: "[B]ut we do doubt such authority of the circuit court of a county in which it did not sit, to hear the matter of controversy."
In Alabama State Bar v. Watson, supra, the supreme court using the same terminology and citing Ex parte: Alabama TextileProducts Corporation held that because the principal place of business of the Board of Bar Commissioners was in Montgomery, the Circuit Court of Madison County had no supervisory jurisdiction over it.
In the next to last paragraph of its opinion in Alabama StateBar v. Watson, supra, the court made statements which could distinguish that case from any other relating to a board or commission. It was made clear that the Board of Bar Commissioners is a judicial body under Sec. 139 (now 139 (b)) of the constitution and is directly subject to the superintendence of the supreme court. The court has permitted some supervisory power to be exercised by the circuit court where the board has its principal place of business, but it has not held that any circuit court could so supervise.
The court again spoke to its sole constitutional power to supervise the actions of the Board of Bar Commissioners and to establish its rules and regulations in the case of Board ofCom'rs, Ala. St. Bar v. State ex rel. Baxley, 295 Ala. 100,324 So.2d 256. We do not doubt the power of the supreme court to exercise its constitutional power of supervision of boards or commissions of state-wide authority created as judicial bodies or boards and commissions possessing judicial powers when acting thereunder. Ex parte: Alabama Textile ProductsCorporation, supra. Neither do we doubt the power of that court to permit such power to be exercised instead by another court superior to the board or commission.
Because statements in these decisions of the supreme court have been couched in terms relating jurisdiction to a "principal place of business," it has been contended in dissents therein that the court was confusing jurisdiction with venue. We believe that a careful analysis of these decisions together with Sec. 142 (b) of the constitution and the decision of the court in Dunbar v. Frazer, 78 Ala. 529, will bring a better understanding of their meaning. *Page 1379 
Art. 6, § 142 of the Alabama Constitution, adopted in 1973, is as follows:
 "Circuit court. (a) The state shall be divided into judicial circuits. For each circuit, there shall be one circuit court having such divisions and consisting of such number of judges as shall be provided by law.
 "(b) The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law. The circuit court may be authorized by law to review decisions of state administrative agencies and decisions of inferior courts. It shall have authority to issue such writs as may be necessary or appropriate to effectuate its powers, and shall have such other powers as may be provided by law."
It will be noted that the constitution grants to all circuit courts general jurisdiction in all cases except as may be limited by law. We know of no statutory limitation of such power. However, it may be further noted that the constitution fails to provide power of superintendence over courts of inferior jurisdiction to the circuit court as it does to the supreme court in Sec. 140 (b). It only provides that power to review decisions of State agencies and inferior courts may be authorized by law. In many instances such authority had previously been granted by statute prior to adoption of the amendment to the constitution in 1973. Such authority continues.
Though without constitutional power of superintendence over inferior jurisdictions, the circuit courts were long ago granted such power by statute. Title 13, Sec. 126 (3) Code. In the decision of Dunbar v. Frazer, supra, the supreme court discussed the distinction between constitutionally conferred original or general jurisdiction over subject matter and statutorily conferred power of superintendence or jurisdiction over an inferior jurisdiction. It was there pointed out that the constitution authorized the legislature to divide the state into judicial circuits with geographical or territorial boundaries. Within such boundaries the court would exercise the authority granted it exclusive of other circuit courts. It was then concluded that the statutory grant to a circuit court of supervisory power over inferior jurisdictions could only be applied to such inferior judicial bodies that sat or acted within the territorial limits of the circuit. To interpret otherwise would produce concurrent and possible conflicting supervision. Such construction of authority to superintend is only logical and serves public policy.
Considering Dunbar v. Frazer, supra and its progeny referred to above, we must conclude that the limitation of jurisdiction spoken of is that of power to supervise the acts of inferior courts, boards, commissions or officials exercising judicial powers. If such judicial acts are not performed within the boundaries of the circuit, the circuit court has no jurisdiction to supervise it through remedial or appellate petitions. Thus, there are two aspects of jurisdiction in a circuit court: that general subject matter jurisdiction granted by the constitution and the supervisory jurisdiction over inferior judicial bodies or officers located and acting within its territorial boundaries granted by statute.
We are now confronted with the question of whether the administrative acts of a state agency official or, as in this case, the executive officer of a public corporation comes within the limitation of the supervisory authority of a circuit court. We conclude that they do not.
The action brought by plaintiff in the Circuit Court of Covington County was not a remedial writ, but sought a declaration of the correct status of the law after administrative action adverse to his interest. There existed a controversy as to the meaning or application of the law between individuals, though one was a State official. The Declaratory Judgment Act (Chap. 4, Art. 12, Title 7, Code) furnishes a remedy for either party against the other to declare the status of the law. Curry v. Woodstock Slag Corporation, 242 Ala. 379,6 So.2d 479; State v. Louis Pizitz Dry Goods Co., 243 Ala. 629,11 So.2d 342. *Page 1380 
The supreme court said in the case of Gibbs v. Cochran,281 Ala. 22, 198 So.2d 607 (1967) as follows:
 "We have said that controversies touching the legality of acts of public officials or public agencies challenged by parties whose interests are adversely affected is one of the favored fields for declaratory judgment. Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273; Marshall County Gas District v. City of Albertville, 263 Ala. 601, 83 So.2d 299."
That case was an action against the State Board of Pharmacy, which is a state board or commission with authority not limited to a particular county, with its principal office in Montgomery County. The suit was brought in Mobile County. No issue was raised by the attorney general as to either jurisdiction or venue. Neither did the supreme court note any lack of jurisdiction in the Circuit Court of Mobile County. We consider that the Circuit Court of Mobile County had subject matter jurisdiction in the case as did that of Covington County in this case. It was not a case involving the supervisory jurisdiction of the court. Such is not involved in this case. An action for declaratory judgment does not challenge a judicial decision of a judicial body. Such action falls within the general jurisdiction of any circuit court. The exercise of such jurisdiction is subject to abatement only if subject to a plea of improper venue.
We cannot end our discussion without pointing out the lack of application to any issue of jurisdiction of the cases of Kelleyv. Lingo, supra, and Tri-State Corporation v. State ex rel.Gallion, 272 Ala. 41, 128 So.2d 505.
Kelley v. Lingo, supra involved an attempted appeal to the circuit court of defendant's residence of a revocation of a drivers license by the Director of Public Safety for driving while intoxicated. The revocation was under the mandatory provisions of Title 36, Sec. 68 of the Code. The supreme court granted mandamus to the circuit court, pointing out that the statute provided no appeal from a mandatory revocation and that none could be had from such ministerial act. The court then said that such act was not without possible remedy, but if there were such a remedy it must be filed in the circuit court of the official residence of the director. In support of the latter statement there were cited cases and an annotation from 48 ALR.2d 415 entitled "Venue-action against public officer." One of the cases cited was Tri-State Corporation v. State exrel. Gallion, supra.
The decision in Tri-State plainly spoke to venue, not jurisdiction, when it said:
 "We think it is well established in Alabama, as well as elsewhere, that suits involving public officials are properly maintained in the county of their official residence."
These are terms of venue not jurisdiction.
Citing as authority the case of Kelley v. Lingo, supra, the supreme court again used the word jurisdiction when it obviously meant venue in the case of Ex parte: State, ex rel.C.W. Russell, Director of Public Safety, 280 Ala. 448,194 So.2d 851. It is understandable how the unfortunate use of the word "jurisdiction" in venue cases may cause confusion unless there is close attention to the context of its use. The jurisdiction of a circuit court is the power to adjudicate granted by the constitution. The place where such power may be exercised is venue as directed by statute.
It is the opinion of this court that the subject matter of the suit below is within the general jurisdiction of the Circuit Court of Covington County. It is further our opinion that the action is not one involving supervisory authority of the court. The exercise of its constitutional general jurisdiction is subject only to a plea of improper venue. Whether a plea of venue was improperly denied is not before the court in this matter and we cannot rule on such plea, though such plea would be appropriate. The trial court may take judicial knowledge that the official residence of the *Page 1381 
Executive Secretary and the Employees' Retirement System of Alabama is in Montgomery County. We do not consider that because the system was organized with powers of a public corporation it is any less an agency of the State.
PETITION FOR WRIT OF MANDAMUS IS DENIED.
BRADLEY and HOLMES, JJ., concur.