Harold Keith RADER, Plaintiff,

v.

Elred C. DOTHARD, in his official capacity as Director of the Department of Public Safety, Defendant.

Civ. A. No. 76–245–N.

United States District Court, D. Alabama, N. D.

March 16, 1977.

William J. Baxley, Atty. Gen., and Kent B. Brunson, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for defendant.

Paul S. Liston, Atlanta, Ga., for plaintiff.

Before RIVES, Circuit Judge, JOHNSON, Chief District Judge, and VARNER, District Judge.

JOHNSON, Chief District Judge:

The facts in this action are not in dispute. Plaintiff, Harold Keith Rader, was arrested in Birmingham, Alabama, for driving a motor vehicle while he was intoxicated, in violation of Title 36, Section 68 of the Code of Alabama 1940 (Recompiled 1958). Plaintiff appeared in the Recorder's Court for the City of Birmingham, entered a plea of guilty, and was fined $114, which was promptly paid. At that time plaintiff's driver's license was neither suspended nor revoked; neither was plaintiff advised by the court that his license would be revoked pursuant to Alabama law. On about April 25, 1976, plaintiff received written notice from the Alabama Department of Public Safety, dated April 16, 1976, that his license had been revoked for a period of six months. The effective date of the revocation was May 1, 1976. The notice of revocation contained on the back, under the heading "NOTICE" (printed in bold-face type), the following statement:

If you have any legal or lawful reason as to why this revocation should not be placed into effect, you may contact this office by written notice within ten days of this notice and a hearing will be conducted into the matter. A mere need for a driver license is not a legal or lawful reason.

Plaintiff made an oral request for hearing on the issue of whether plaintiff would be permitted to retain his license upon a showing that the revocation would result in extreme hardship to plaintiff. Plaintiff was informed by an official of the Department of Public Safety that persons convicted of the offense of driving while intoxicated were not provided a hearing. Plaintiff alleges that he has been denied a hearing required by the due process clause of the Fourteenth Amendment to the United States Constitution and seeks declaratory and injunctive relief.

Because plaintiff is seeking to enjoin enforcement of an Alabama statute, a three-judge court was convened pursuant to 28 U.S.C. § 2284.

The Court has jurisdiction under 28 U.S.C. § 1343(3) and the case is properly brought pursuant to 28 U.S.C. § 2201.

The case is now before the Court on a motion to dismiss filed by defendant. There being no dispute concerning the facts, the Court ordered the parties to submit briefs upon the motion, treating same as a motion for summary judgment. For reasons hereinafter set forth, the Court finds in favor of the defendant and renders judgment for the defendant.

■ The issue to be decided in license revocation cases is not whether there is a right to a license, but whether the license has been lawfully revoked. *Thompson v. Gallagher*, 489 F.2d 443, 447 (5th Cir. 1973).

The benchmark case is *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). In *Bell*, a motorist's license had been suspended pursuant to Georgia statute which required suspension in the event of an accident in which the driver is uninsured and fails to post security to cover the amount of damages claimed by the other party involved in the accident. The state provided a hearing prior to the suspension but it was limited to the question of whether the person was in fact the same one charged in the accident. The driver/claimant argued that he was not at fault, and the failure of the state to allow him to argue the issue of fault prior to suspension of his license was a

denial of due process of law. Finding "state action that adjudicates important interests of the licensees," the Supreme Court set out the following parameters for the required hearing:

1. The inquiry is limited to a "determination whether there is a reasonable possibility of judgments in the amounts claimed" *(id.* at 540, 91 S.Ct. at 1590);

2. The hearing must be "meaningful" and "appropriate to the nature of the case" *(id.* at 541–42, 91 S.Ct. at 1591);

3. And, except in emergency situations, "due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes effective." *(Id.* at 542, 91 S.Ct. at 1591).

In a later decision, the Supreme Court clarified *Bell*, stating that the claimant is entitled to a hearing on those issues which the state deems "fundamental to its statutory scheme." *Stanley v. Illinois*, 405 U.S. 645, 653, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).

■ The law is clear that, before accepting a guilty plea to a charge of driving while intoxicated, the court is not required to warn the defendant of the collateral consequences of the plea such as the revocation of the defendant's driver's license. *Moore v. Hinton*, 513 F.2d 781 (5th Cir. 1975) (interpreting Alabama law). In addition, the fact that defendant's plea was made without the benefit of counsel does not prevent its use as the basis for an automatic, mandatory revocation of the defendant's license. *See id.* at 782.

Title 36, Section 68 of the Code of Alabama 1940 (Recompiled 1958) provides that "[t]he director of public safety shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of . . . driving a motor vehicle . . . while intoxicated . . . ." The Alabama Supreme Court has held that this provision is mandatory and that the

director has no discretion in the matter. The director's "action is purely administrative so far as mandatory revocations are concerned." *May v. Lingo*, 277 Ala. 92, 94, 167 So.2d 267, 268 (1964). To challenge mandatory revocations, the Alabama courts have held that the proper action is mandamus and the action must be brought in the appropriate State Circuit Court. *See Dothard v. Whitman*, 57 Ala.App. 726, 331 So.2d 735, 736–37 (1976).

There is no provision in the statute itself for a hearing either before or after a mandatory revocation. The provision for a hearing contained on the back of the notice of revocation apparently is purely administrative in origin. No Alabama cases have been found in which this point is raised.

█ Under *Bell,* as interpreted by *Stanley,* the state cannot revoke a person's driver's license "without reference to the very factor . . . that the State itself deemed fundamental to its statutory scheme." *Stanley v. Illinois,* 405 U.S. 645, 653, 92 S.Ct. 1208, 1213, 31 L.Ed.2d 551 (1972). Here, the critical issue is whether the plaintiff was driving while intoxicated. The requirements of *Bell* have been satisfied. There has been a hearing into the issue of whether there was a "reasonable possibility" that plaintiff was driving while intoxicated; the hearing was "meaningful" and "appropriate to the nature of the case," [1] and "notice and opportunity" to be heard have been provided. The only issue that remains is to connect the person whose license is being revoked to the record of conviction on which the director of public safety bases the revocation.

The state by the notice on the back of the revocation notice has provided "notice and opportunity" to plaintiff to present "any legal or lawful reason as to why this revocation should not be placed into effect." Mistaken identity would be a sufficient reason not to revoke. In addition, a second opportunity is provided by the Alabama courts via a writ of mandamus. *See May v. Lingo,* 277 Ala. 92, 167 So.2d 267 (1964).

Plaintiff is correct when he asserts that the state did not (and does not) provide him with a "right to any sort of administrative hearing on the issue of whether or not the State of Alabama Department of Public Safety is going to revoke his license." The revocation is mandatory once there has been a final conviction of any of the offenses listed in the statute. Neither *Bell* nor the Constitution requires such a hearing. All that *Bell* requires is a hearing into those issues which the state deems fundamental to its statutory scheme: in this case, the issue of whether plaintiff actually operated a motor vehicle while under the influence of alcohol. The administrative provision for a hearing contained on the notice of revocation is sufficient to correct any administrative mistakes. *See Reese v. Kassab,* 334 F.Supp. 744 (W.D.Pa.1971). The additional safeguard provided by the mandamus action is "icing on the cake."

Plaintiff in effect argues that a *separate* "revocation hearing" is required. Such is not the case. "The power of the State to regulate the use of its highways is broad and pervasive." *Bibb v. Navajo Freight Lines,* 359 U.S. 520, 523, 79 S.Ct. 962, 964, 3 L.Ed.2d 1003 (1959). All that *Bell* requires is a hearing that is "meaningful" and "appropriate to the nature of the case" prior to the revocation. *Bell, supra,* at 541–42, 91 S.Ct. at 1591. Once the state has determined in an appropriate hearing that a person has been driving while intoxicated, it may refuse to allow that person to operate a motor vehicle on its highways. Thus, the state, consistent with due process, may refuse to grant a hearing on the issue of whether revoking plaintiff's license will result in extreme hardship. "Policy decisions are for the state legislature, absent federal entry into the field." *Bibb v. Navajo Freight Lines, supra,* 359 U.S. at 524, 79 S.Ct. at 965.

This Court recently has decided two other cases dealing with this section of the Code (Title 36, Section 68). The first of these cases, *Tolbert v. McGriff,* 434 F.Supp. 682 (D.C.Ala.1977), involved an attack on the

---

1. Plaintiff does not argue that the hearing in Recorder's Court was constitutionally infirm.

constitutionality of the statute in that it permits the Director of the Department of Public Safety to suspend without a hearing a person's driver's license on the ground of incompetence to drive a motor vehicle. In *Tolbert*, the director had suspended plaintiff's license without a hearing on the ground that plaintiff was medically unfit to operate a motor vehicle. The only opportunity for plaintiff to be heard occurred during an investigation by the department following receipt of an outside complaint. As part of this investigation, an official of the department interviewed plaintiff. Such an "investigative interview," the Court held, was not an appropriate hearing for due process purposes under *Bell v. Burson.* In a footnote, the Court distinguished discretionary suspensions, as in *Tolbert*, from mandatory revocations, which the Court stated "are treated entirely differently by the state from any discretionary suspension." (Footnote 4 of the Court's opinion).

In the other case, *Smith v. McGriff*, 434 F.Supp. 673 (D.C.Ala.1977), the same statute was attacked, this time in relation to the suspension of an alcoholic's driver's license. Here too, no opportunity to be heard prior to the suspension, other than an "investigative interview," was afforded plaintiff.

Both *Tolbert* and *Smith* are distinguishable from the case now before the Court. In the present case, plaintiff in fact has had a complete and constitutionally adequate hearing on the basis for the revocation (i. e., whether plaintiff operated a motor vehicle while he was intoxicated).

The state has afforded plaintiff procedural due process; since this is true, it is not appropriate to decide in this case whether the statutory scheme is unconstitutional on its face. *Jennings v. Mahoney*, 404 U.S. 25, 26, 92 S.Ct. 180, 30 L.Ed.2d 146 (1971).

An appropriate order will be entered.