BRADLEY, Judge.
This is a driver license revocation case.
On February 22, 1978 Darrell M. Bryan was convicted in the Municipal Court of Chickasaw, Alabama of driving under the influence of intoxicating liquors (DUI). On March 17, 1982 Bryan was again convicted in the Municipal Court of Mobile,'Alabama of driving under the influence of intoxicating liquors. On April 20, 1982 Bryan was notified by the State Director of Public Safety that effective May 5,1982 his driver license would be revoked for a period of six months. On May 13, 1982 Bryan appealed this order of revocation to the Circuit Court of Mobile County. The Director filed a motion to dismiss or in the alternative a motion for summary judgment. Subsequently the motion was granted and Bryan appeals to this court.
The objection raised by Bryan to the trial court’s order dismissing his appeal is based on two theories. The first is that his appeal was the proper way to challenge the Director’s revocation of his driver license. The second is that the revocation could not be based on the 1978 conviction because the Director had failed to establish that the DUI conviction was constitutionally rendered.
As to the argument that an appeal was the proper method to review a driver license revocation order, the supreme court said in Rogers v. Russell, 284 Ala. 477, 225 So.2d 879 (1969) that the revocation of a driver license by the State Director of Public Safety for a conviction of driving while intoxicated is mandatory and there is no appeal from such an order.
In the case at bar the trial court properly dismissed the appeal from the Director’s order revoking Bryan’s driver license. Ex parte State ex rel. Russell, 280 Ala. 448, 194 So.2d 851 (1967). Moreover, as further support for the trial court’s dismissal action, we point out that the purported appeal was from the revocation order of the State Director of Public Safety whose office is in Montgomery County. Inasmuch as the revocation order is not one of those actions that can be reviewed by appeal in the county where the licensee resides, any action to review the Director’s mandatory action other than by appeal must be brought in Montgomery County. Ex parte State ex rel. Russell, supra.
In his second issue Bryan says that the Director’s order of revocation is based on a 1978 conviction and the Director failed to establish that it had been constitutionally rendered.
In the case of Ex parte State ex rel. Russell, supra, the supreme court concluded that even though the conviction for driving while intoxicated may be void, the Circuit Court of Tuscaloosa County still did not have jurisdiction to decide the matter because the appeal is from the order of revocation of a driver license made by the Director of Public Safety and there is no authority for an appeal from such an order. In other words the criminal conviction on which the revocation is based is not an issue in the review of a driver license revocation order.
*84 For the reasons above enumerated, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J.; concur.