This is a driver's license revocation case.
Appellant, Ingrid Bugdoll Mechur, was notified on February 11, 1983, that her driver's license had been revoked for six months due to her receiving two convictions for driving under the influence of alcohol (DUI). Appellant requested an administrative hearing regarding the revocation of her license, which appellee, Director of the Alabama Department of Public Safety, subsequently denied. Appellant then filed a petition in the District Court of Dale County seeking to have the revocation set aside. The court granted appellee's motion to dismiss. Subsequently, appellant filed a petition in the Circuit Court of Montgomery County seeking declaratory and mandamus relief. Appellant sought to have the revocation of her license declared null and void and have her license returned to her. Appellee then filed a motion to dismiss or in the alternative a motion for summary judgment. Without specifying the exact grounds upon which its decision was based, the circuit court granted appellee's motion for summary judgment. Appellant appeals.
Appellant essentially makes two arguments: (1) that her constitutional right to due process was violated when she was denied an opportunity to challenge the validity of an alleged second conviction for DUI within a five-year period, and (2) that § 32-5A-195, Code of Alabama 1975 (Cum. Supp. 1982) which authorizes the mandatory revocation is unconstitutional.
The due process clause clearly applies to the deprivation of a driver's license by the state. Dixon v. Love, 431 U.S. 105,97 S.Ct. 1723, 52 L.Ed.2d 172 (1977). "Once licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood." Taking away of issued licenses "thus involves state action that adjudicates important interests of the licenses," and "are not to be taken away without that procedural due process required by the Fourteenth Amendment."Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589,29 L.Ed.2d 90 (1971), citing Sniadach v. Family Finance Corp.,395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Constitutional restraints limit a state's power to terminate an entitlement regardless of whether the entitlement is designated a "right" or a "privilege." Id., citing Sherbert v. Verner, 374 U.S. 398,83 S.Ct. 1790, 10 L.Ed.2d 965 (1963); Speiser v. Randall,357 U.S. 513, 78 S.Ct. 1332, *Page 50 2 L.Ed.2d 1460 (1958); Goldsmith v. United States Board of TaxAppeals, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494 (1926).
There is not an ironclad formula that satisfies due process requirements, for a "procedural rule that may satisfy due process in one context may not necessarily satisfy due process in every case." Bell v. Burson, supra, 402 U.S. at 540,91 S.Ct. at 590. The due process clause requires that a hearing be "meaningful," Armstrong v. Manzo, 380 U.S. 545, 552,85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965), and "appropriate to the nature of the case." Mullane v. Central Hanover Bank TrustCo., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In Bell v. Burson, supra, a case dealing with the deprivation of a driver's license, the court opined that "[I]t is fundamental that except in emergency situations . . . due process requires . . . `notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." Id., citing Wisconsin v. Constantineau,400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), Opp Cotton Millsv. Administrator, 312 U.S. 657, 61 S.Ct. 524, 85 L.Ed. 624
(1941).
Our inquiry then must be to ascertain what procedure is provided by Alabama statute and whether such procedure passes constitutional muster in light of Bell.
Currently, Alabama statutory law does not provide for either an administrative hearing or judicial appeal in cases of mandatory revocation of a driver's license. Under prior statute in 1979, § 32-6-47, Code of Alabama 1975, a driver whose license has been cancelled, suspended or revoked had a right of judicial appeal under § 32-6-16 of the Code. However, § 32-6-16
was repealed in 1980 and replaced by the Alabama Rules of the Road Act, specifically § 32-5A-195, Code of Alabama (Cum.Supp. 1982). Section 32-5A-195 currently provides an administrative hearing in cases of suspension of a driver's license or a judicial appeal in cases of nonmandatory revocation.
The specific applicable provision of the Alabama Rules of the Road Act in the case at bar is § 32-5A-195 (j), which provides that the Director of Public Safety,
 "shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses: (3) Upon a second or subsequent conviction within a five-year period, of driving or being in actual physical control of any vehicle while under the influence of alcohol . . . to a degree which renders him incapable of safely driving. . . ." (Emphasis supplied.)
Alabama case law is commensurate with § 32-5A-195 in holding that the director's duty is mandatory and that in cases of mandatory revocation no administrative hearing or judicial appeal is afforded, but rather a writ of mandamus is the only available remedy.
Section 68, Title 36, Code of Alabama 1940, as amended, was essentially identical to the current statute, § 32-5A-195 (j). The Alabama Supreme Court states in reference to § 68, Title 36, Code of Alabama 1940, that,
 "When a person is convicted of driving a motor vehicle while intoxicated and such conviction becomes final, it is the mandatory duty of the Director of Public Safety to forthwith revoke his driver's license. . . . No discretion on the part of the Director of Public Safety is involved. His action is purely administrative so far as mandatory revocations are concerned. . . . Anything said to the contrary . . . is disapproved." (Emphasis supplied.)
May v. Lingo, 277 Ala. 92, 94, 167 So.2d 267, 268 (1964). Seealso, Director of Department of Public Safety v. Moore,54 Ala. App. 351, 308 So.2d 711 (1975).
The case does not "involve an appeal from conviction of driving [under the influence], but is an attempt to review the revocation of the driver's privileges. There is no provision in the statute and such a proceeding is wholly without authority of law." Kelley v. Lingo, 280 Ala. 128, 130, 190 So.2d 683, 685
(1966). Any action for review cannot be by appeal or petition for *Page 51 
hearing, but rather can only be by petition for mandamus,Director of Department of Public Safety v. Moore, supra, and such petition must be filed in the Circuit Court of Montgomery County. Kelley v. Lingo, supra.
Appellant properly filed a petition for declaratory and mandamus relief in the Circuit Court of Montgomery County. We must look to determine if present Alabama law passes constitutional muster in light of Bell v. Burson, supra.
As previously noted the Court in Bell stated that due process requires that a state seeking to terminate a driver's license afford an opportunity for notice and hearing before the termination becomes effective, except in an emergency situation. Though Alabama law, as noted earlier, does not currently afford such an opportunity prior to the mandatory revocation taking effect, the statute is not unconstitutional.
Bell is distinguishable from the case at bar in that the purpose of the Alabama statute differs significantly from the Georgia statute in Bell and would thus come under the exception recognized in Bell. The purpose of the Georgia statute was to ensure financial responsibility in the event of a driver being deemed liable for a vehicular accident. While the purpose of the Georgia statute is laudable, it does not have the pressing and urgent purpose that the Alabama statute has. Alabama's law seeks to remove as quickly as possible any driver identified to be a life-threatening hazard on the road. We need only consider the overwhelming number of alcohol-related accidents, injuries and deaths that occur each year to recognize the important governmental interest and very strong public interest in promptly removing such persons from the highway. See, Broughtonv. Warren, 281 A.2d 625 (Del.Ch. 1971); 60 A.L.R.3d 361 (1974); 7 Am.Jur.2d Automobiles and Highway Traffic, § 112 (1980). The purpose of a statute such as § 32-5A-195 is not to punish the driver but to protect the public. The fundamental issue presented by the legislative scheme is whether the licensee has been driving on the highway while under the influence of intoxicating liquor. The showing of convictions for doing so establishes the necessity for the immediate removal of his driving privileges. Thus, in our opinion, the emergency exception in Bell is established.
The driver convicted of driving intoxicated is presumed to have had a hearing upon the critical issue of whether he was intoxicated. The hearing was with notice and opportunity. If such hearing was not held as provided by law, there was available a remedy by appeal under statute. Therefore the only issue remaining is to connect the person whose license is revoked to the record of conviction on which the Director bases the revocation. Mistaken identity or some error on the certificate of conviction may be presented to the director and would provide reason not to revoke.
Should the director refuse to act in such case, the courts of this state have provided the remedy of mandamus. May v. Lingo,supra. A three judge panel in the United States District Court of Alabama, Northern District, opinion by Chief District Judge Johnson, held in the case of Rader v. Dothard, 434 F. Supp. 688
(1977), that in such cases, the revoked driver "has had a complete and constitutionally adequate hearing on the basis for the revocation (i.e. whether plaintiff operated a motor vehicle while he was intoxicated)." The court further said, "The additional safeguard provided by the mandamus action is `icing on the cake.'" Rader v. Dothard, at 690.
Having noted the availability of petition for mandamus against the Director, we now note the issues which may be presented therein. The supreme court reviewed and reversed on appeal the denial of a petition for mandamus against the Director in May v. Lingo, supra. The basis for seeking mandamus was that a conviction upon which the Director acted to revoke a driver's license was invalid. Presumably, such review collaterally by mandamus of a judgment of conviction is permissible if it is alleged that the conviction is invalid or void. Such is contended to be *Page 52 
the case in the present petition for relief by mandamus. Therefore, we find the Circuit Court of Montgomery County to have erred in granting the motion to dismiss or enter summary judgment.
We further consider that petitioner could properly raise the issue of the constitutionality of § 32-5A-195 in the petition for mandamus or declaratory judgment. We consider the trial court to have erred in entering summary judgment or dismissing on that issue.
Though it may be considered that we have already spoken to the constitutional issue, we nevertheless reverse the judgment below and remand for consideration of the contention that one of the convictions upon which the Director acted to revoke petitioner's driver's license was invalid or void, thereby requiring the revocation to be set aside.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.