L. CHARLES WRIGHT, Retired Appellate Judge.
This is a driver’s license revocation case.
Calvin Earl Renfroe (Renfroe) was notified by the Alabama Department of Public Safety (Department) that his driver’s license had been revoked for a period of three years due to three convictions of driving under the influence of alcohol which he *22 sustained within a five-year period. Subsequent to the notice, Renfroe filed an “Appeal of Driver’s License Revocation” in the Circuit Court of Madison County, seeking to have the revocation set aside. The Department filed a motion to dismiss, asserting that the Circuit Court of Madison County lacked jurisdiction to entertain Renfroe’s petition. The circuit court, without specifying the exact grounds upon which its decision was based, granted the Department’s motion to dismiss. Renfroe appeals.
We find the case of Mechur v. Director of Public Safety, 446 So.2d 48 (Ala.Civ.App.1984), to be dispositive of this appeal. In Mechur we found the following:
“The case does not ‘involve an appeal from conviction of driving [under the influence], but is an attempt to review the revocation of the driver’s privileges. There is no provision in the statute and such a proceeding is wholly without authority of law.’ Kelley v. Dingo, 280 Ala. 128, 130, 190 So.2d 683, 685 (1966). Any action for review cannot be by appeal or petition for hearing, but rather can only be by petition for mandamus, Director of Department of Public Safety v. Moore, [54 Ala.App. 351, 308 So.2d 711 (1975)], and such petition must be filed in the Circuit Court of Montgomery County. Kelley v. Lingo, supra.”
We find that the Circuit Court of Madison County was without jurisdiction to entertain Renfroe’s petition because no such right of review exists. Accordingly, the circuit court did not err in granting the Department’s motion to dismiss.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.