PER CURIAM.
According to the briefs filed in this appeal, Priscilla Worthy was traveling south on 1-65 in Birmingham when she attempted to change lanes; Larry Thomason, also traveling south, swerved his vehicle to avoid Worthy and collided with the guardrail; no contact was made between Worthy’s vehicle and Thomason’s vehicle; and Worthy immediately stopped her vehicle and attempted to render aid.
As a result of the accident, the Director of the Alabama Department of Public Safety (Director) notified Worthy that her driver’s license would be suspended if she did not meet the requirements of the Motor Vehicle Safety-Responsibility Act (Act) found in §§ 32-7-1 through -42, Code 1975. Specifically, § 32-7-6 requires Worthy to furnish the Department with proof of her automobile liability insurance or, if she did not have such insurance, requires her, as one alternative, to deposit security in an amount determined by the Director in order to avoid the suspension of her driver license.
Following a pre-suspension hearing, the Director notified Worthy that she still would be required to abide by § 32-7-6, since the information submitted at the hearing and the information on file indicated a “reasonable possibility of a judgment being rendered against you arising from the accident.” Worthy appealed this decision to the circuit court, arguing that the Director misinterpreted the Act and seeking an order prohibiting the requirement of either depositing security or surrendering her driver’s license. The trial court reinstated Worthy’s driving privileges pending a full hearing on the merits of her appeal.
After considering testimony from Worthy and Thomason, the trial court found that the “involved in an accident” language also included “non-contact” accidents. Also, the trial court found that there was a reasonable possibility that Worthy could be found liable for Thomason’s accident, and the trial court dismissed Worthy’s appeal.
On appeal to this court, Worthy argues that: 1) A “non-contact” accident does not fall within the language of § 32-10-1; and 2) It is a denial of due process to suspend a driver’s license where no determination of guilt has been established.
Initially, we note that § 32-10-1 is not applicable to Worthy’s present situation. Instead, Worthy faces the suspension of her driver’s license as mandated by § 32-7-6; and § 32-7-5 provides that every operator of a motor vehicle “which is in any manner involved in an accident” is subject to § 32-7-6. We note that Worthy’s appeal to circuit court was entitled “Petition Under Alabama Motor Vehicle Safety Responsibility Act 704,” and in that petition Worthy acknowledged being involved in an automobile accident. Consequently, Worthy’s first argument is without merit.
In support of her due process argument, Worthy cites Mechur v. Director, Dep’t of Public Safety, 446 So.2d 48 (Ala.Civ.App.1984), for the proposition that the suspension of driving privileges without determination of guilt, thus interfering with the pursuit of a livelihood, is a violation of due process of law. Mechur, however, is a driver’s license revocation case which involves a person who had been convicted of DUI twice in a five-year period. We do not find that case to be applicable to this suspension case.
After an ore tenus proceeding, the trial court held that “there is a reasonable possibility that Ms. Worthy could be found liable for the wreck.” The record on appeal does not contain a transcript of the proceedings before the trial court, nor does it contain a statement of the evidence in accordance with Rule 10(d), A.R.App.P. Where no record is presented for review, this court may not reverse the judgment of the trial court. Ex parte Weaver, 412 So.2d 286 (Ala.Civ.App.1982). We must assume that the oral evidence was sufficient *631 to support the trial court’s judgment. Weaver.
AFFIRMED.
All the Judges concur.